SVENNING HAGELUND v. HUGH MURPHY ET AL.

FILED APRIL 8, 1898. No. 7834.

</div>

1. **Malicious Prosecution:** EVIDENCE. To sustain a judgment for malicious prosecution the plaintiff must show by a preponderance of the evidence that the prosecution which the defendant caused to be brought against him has been determined; that the defendant had no reasonable or probable cause for believing the plaintiff guilty of the offense for which he caused him to be prosecuted; and that in instituting and carrying on the prosecution the defendant was actuated by malice.

2. ———: VERDICT FOR DEFENDANT. Evidence examined, and *held* to sustain the action of the district court in taking the case from the jury and in dismissing the plaintiff's action.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*Connell & Ives,* for plaintiff in error.

*Frank T. Ransom* and *William F. Gurley, contra.*

RAGAN, C.

Svenning Hagelund sued Hugh Murphy and Charles Fanning in the district court of Douglas county for dam-

39

ages for malicious prosecution. At the close of the evidence the jury, in obedience to an instruction of the district court, returned a verdict in favor of Murphy and Fanning, upon which the court entered a judgment dismissing Hagelund's action. To review this judgment he has filed here a petition in error.

The uncontradicted evidence on the trial showed that Murphy and Fanning filed a complaint against Hagelund before the police judge of the city of Omaha, in which they charged him and others with taking up and removing from a street in said city, in violation of the ordinances thereof, certain wooden blocks then and there forming and being a part of the pavement of such street; that Hagelund was arrested and tried on this charge and by the police court acquitted. To sustain a judgment for malicious prosecution the plaintiff must show by a preponderance of the evidence that the prosecution which the defendant caused to be brought against him has been determined; that the defendant had no reasonable or probable cause for believing the plaintiff guilty of the offense for which he caused him to be prosecuted, and that in instituting and carrying on the prosecution the defendant was actuated by malice. (*Dreyfus v. Aul*, 29 Neb. 191; *Peterson v. Reisdorph*, 49 Neb. 529; *Ross v. Langworthy*, 13 Neb. 492; *Rider v. Murphy*, 47 Neb. 857; *Fry v. Kaessner*, 48 Neb. 133, and cases there cited.) At the close of the evidence it appeared beyond dispute that the prosecution which Murphy and Fanning had instituted against Hagelund had been determined prior to the bringing of this suit; and the evidence not only shows, without contradiction, that when Fanning and Murphy instituted the prosecution against Hagelund, they had reasonable and probable cause to believe him guilty of the offense for which they caused him to be prosecuted, but that they had actual personal knowledge that he was guilty of the offense with which they charged him. One of the three essential things then necessary to sustain a verdict in this case was wanting; namely, that Murphy and Fan-

ning had no probable or reasonable grounds for believing Hagelund guilty of the offense for which they caused him to be prosecuted. There was nothing to submit to the jury. The judgment of the district court is right and is

AFFIRMED.