DUNCAN D. TURNER, APPELLANT, v. COLUMBIA FIRE INSURANCE COMPANY, APPELLEE.

FILED MAY 4, 1914.    No. 17,732.

Judgment: RES JUDICATA. "A 'right, question or fact' distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies, and this even though the second suit is for a different cause of action." *State v. Broatch,* 68 Neb. 687.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Harry Fischer, Mulfinger & Yates* and *J. G. MacVeigh,* for appellant.

*Stout, Rose & Wells, contra.*

REESE, C. J.

This action was commenced in the district court for Douglas county for malicious prosecution. It is alleged in the petition that defendant is a corporation organized under the laws of this state; that on the 2d day of June, 1908, the defendant by and through its agents and attorneys, maliciously intending to injure plaintiff, appeared before the grand jury of Douglas county, and, without probable cause therefor, and by false testimony, maliciously caused and procured plaintiff to be indicted by said grand jury for the crime of arson; that by reason of said indictment a capias was issued, plaintiff was arrested, cast in jail, and there held and deprived of his liberty for some five hours, when he procured bail and was released therefrom; that defendant by its attorneys, without probable cause therefor, continued its malicous prosecution throughout the trial, but upon the final conclusion thereof plaintiff was acquitted of said charge and discharged therefrom, and the prosecution was thereupon finally ended and terminated; that by reason of said malicious prosecution he suffered damages in the sum of $50,000, for which judgment is demanded.

Defendant answered by general denial, and as a second defense alleged as defensive matter that on or about the 27th day of July, 1908, plaintiff commenced his action against defendant in the district court for said county by which he sought to recover judgment for the sum of $2,500, and interest from April 10, 1908, upon two certain policies of insurance theretofore issued to plaintiff by defendant, insuring him against loss or damage by fire of certain personal property alleged to have been contained in a certain building, described in the answer; that in the petition filed by plaintiff it was alleged that the insured property was on the 2d day of April, 1908, wholly destroyed by fire which did not originate by or through any wrongful act on the part of plaintiff; that defendant appeared in said suit, filed its answer, alleging and charging that the

fire by which the insured property was destroyed originated and was caused by the wilful act and procurement of plaintiff, setting out the specific acts alleged to have been committed by plaintiff, by the placing of inflammable and explosive material in and near the property and causing the same to be ignited, with the fraudulent intent of making a false claim against defendant for the alleged loss by fire; that plaintiff filed his reply to said answer, denying the allegations thereof, and the issue thus formed was duly tried by the said district court and a jury, a general verdict having been returned in favor of defendant. A transcript of the proceedings in said cause was attached to and made a part of the answer. It is further alleged that judgment was rendered upon said verdict in favor of defendant and against plaintiff, and which said judgment is final, unappealed from, remains in full force and effect, and is a final adjudication and determination of the matter involved in the action, and plaintiff is estopped to assert or maintain that he did not wilfully cause said property to be destroyed.

To this answer plaintiff filed his reply, admitting that plaintiff commenced his action against defendant for the sum of $2,500, and interest, upon two policies of insurance, as alleged, and that defendant made answer thereto, setting up as one of its defenses that the loss occurred and the fire originated by the wilful act and procurement of plaintiff, to which plaintiff filed a reply, denying the allegation of said answer. It is further admitted that in the trial of said cause the jury returned a general verdict in favor of defendant and against plaintiff, and upon which the district court rendered judgment against plaintiff and in favor of defendant. Plaintiff denies that he ever at any time set fire to the building or to the goods insured therein, as described in the answer of defendant and in its answer filed in the suit upon the policies, and denies that the judgment rendered in the suit upon the policies is a final adjudication and bar to this action, or that plaintiff is estopped thereby from claiming and maintaining the allegations of his amended petition herein.

Upon the filing of the reply, defendant presented its motion for judgment in its favor upon the pleadings upon two grounds: "(1)   On the face of the pleadings defendant is entitled to a final judgment in its favor.   (2) The second defense in defendant's answer sets forth a meritorious defense to plaintiff's cause of action, and the facts therein alleged, and the proceedings had in the suit therein referred to, a certified copy whereof is attached thereto and made a part thereof, are not controverted or denied in the reply, and must therefore be taken as true without proof."   The motion was sustained, the court finding "that said defendant is entitled to a judgment upon the statements in the pleadings."   Judgment was accordingly entered dismissing the case, to which plaintiff excepted, and from the judgment he appeals.

As will be observed, the only question presented is whether the suit and judgment in the original action upon the two policies of insurance constitutes a bar to this action.   In order to an action for the malicious prosecution of a criminal case, it must be shown that the criminal prosecution was both malicious and without probable cause.   *Hagelund v. Murphy,* 54 Neb. 545.   It clearly appears from the transcript of the record and trial of the suit instituted by plaintiff upon the two policies of insurance that the only question at issue and tried was whether plaintiff had unlawfully caused and procured the insured property to be destroyed by fire.   By the verdict and judgment in favor of defendant, it was judicially and finally determined as between the parties to that suit and this suit that he was guilty of the act charged in the answer.   This being true, we are unable to see how it can be held that that judgment unappealed from, whether right or wrong, did not present probable cause for the prosecution.   The fact that plaintiff was acquitted upon the trial of the criminal charge, while more or less persuasive of his innocence, does not counteract or impair the judgment as between the parties, as defendant was not a party of record in that prosecution.   It was therefore the duty of the trial court, under the rule stated in *Bechel v. Pacific*

*Express Co.,* 65 Neb. 826, to dispose of the case without going through the form of an unnecessary jury trial. Ordinarily, where an issue is formed upon the question of former adjudication, the record is only *prima facie* proof of the fact alleged to have been adjudicated, and the question is therefore open to trial. *Cobbey v. State Journal Co.,* 77 Neb. 626; *Figg v. Hanger,* 4 Neb. (Unof.) 792. But in this case plaintiff's reply to the answer of defendant admits the truth of the allegations of the answer as to the trial, verdict and judgment in the previous action, and left nothing in that behalf to try. It is true that the causes of action presented by the pleadings are not identical, but the rule seems to be well settled that this is not necessary if the question presented in a former suit between the same parties is the same as in the one under consideration. If the former case goes to final judgment and the issue is thus settled, it will be binding upon the parties whether the cause of action (the subject matter) is the same or not. Chand, Law of Res Judicata, sec. 28 *et seq.*; 1 Van Fleet, Former Adjudication, secs. 216-228; *State v. Broatch,* 68 Neb. 687.

As it was conclusively shown that the question of fact presented in the two trials is the same, it follows that the judgment of the district court in dismissing the action will have to be and is

AFFIRMED.

ROSE, FAWCETT and SEDGWICK, JJ., not sitting.