EASTERN DIST.
*February*, 1837.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

BISSELL ET UX. *vs.* ERWIN'S HEIRS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE
JUDGE OF THE DISTRICT PRESIDING.

In a contract of sale of a plantation and slaves, for a stipulated sum, on long
credit, and an annual rent reserved, the parties will not be regarded in the
light of lessor and lessee because of the rent, as the pretended lessee is
himself the owner. The payment of an annual rent is but a stipulation
for interest in disguise.

Where the purchaser subsequently executes a private instrument, or memo-
randum, in which he declares "he has this day rented from J. E. (his
vendor,) his plantation, whereon I now live, together with the negroes,&c.,
and I engage to pay the taxes, &c., and a certain sum clear and free of
all expense, &c., and that J. E. have a privilege on all the crops :" Held,
that this was only a harmless simulation, which did not rescind the sale.

So where a purchaser or creditor is evicted by a prior mortgage, which
existed on the premises when he bought, and the eviction was had before
the expiration of the term of payment, the seller will be liable in
warranty, as the vendee is not in delay as regards the payment.

The signatures to receipts of deceased persons, offered to charge their
estates, must be strictly proved by experts, and according to the prin-
ciples established in the case of *Plicque* and *Le Beau* vs. *Labranche*. 9
*Lousiana Reports*, 559.

The plaintiff, F. N. Bissell, and his wife, who was formerly
the wife of Abram Wright, now deceased, sue to recover
from the defendants a large sum of money, which they
allege was paid, and also damages, on account of an evic-
tion from a certain sugar plantation, by a previous mortgage
given on the property by the defendant's ancestor.

The plaintiffs show, that on the 13th May, 1827, Joseph
Erwin sold to Abram Wright, for the sum of eleven thousand
dollars, payable in fifteen years, a plantation and slaves on the
Mississippi river, in the parish of Iberville, near Manchac,
which he, the said Erwin, had previously purchased at

sheriff's sale, under an execution against the said Wright in 1823, and that the vendor warranted the possession and title against all evictions.    It further appeared, however, that Erwin had before this sale, to wit, in 1826, mortgaged this same property to the Bank of the United States, to secure a large sum of money.    In 1833, the bank enforced the mortgage, and the premises were sold in pursuance thereof.

Mrs. Wright, now the wife of Bissell, further states, that her husband, Abram Wright, died in 1829, leaving but one child, and that she has accepted the community, and that they are entitled to exercise all the rights of the original vendee.    They allege, that they have suffered damages in the sum of fifty-six thousand five hundred dollars, in consequence of the eviction by said mortgage, for moneys paid, and losses sustained in the ameliorations and improvements, put on the plantation, and for the increase of slaves, &c.

The defendants denied their liability, under the lease or sale set up.    They further averred, that Wright, in his life time, or any person for, or on his behalf, either before or since his death, have ever complied with the terms and conditions, in order to entitle them to the benefits of said agreement or lease.    That no part of the purchase money has been paid, not even the rent.

They further aver, that at the time of sale, said Wright was fully aware and apprized of the mortgage existing on the plantation and slaves; and that in 1828, Wright gave a written instrument, stating he had rented the said premises of Joseph Erwin, &c.    They pray that the demand of the plaintiffs be rejected, and the suit dismissed.    They set up a claim for rents, &c., in reconvention.

The case was submitted to a jury, who returned a verdict for the plaintiffs in the sum of three hundred and fifty dollars.    From judgment rendered thereon, they appealed.

*Stacy, Ives* and *Labauve,* for the plaintiffs.

1. The act of sale from Erwin to Wright, of the plantation and slaves, is accompanied by a *rente constituée,* but even if it

EASTERN DIST. were a *rente foncière*, it would not be the less a sale.   3 *Loui-*
February, 1836. *siana Reports*, 535.   5 *Martin's Reports*, 309.

BISSELL ET UX.       2. It is a sale subject to be dissolved by the non-payment
ERWIN'S HEIRS. of the rent according to the contract, which contains the
resolutory condition expressed.   *Louisiana Code*, 2040, 2041,
2755.

3. On the non-payment of the rent, the sale would not
have been dissolved *ipso facto ;* the party must have been put
*in mora*, and destituted by suit brought—Civil Code, 2042 ;
and the party might have had a delay *accorded* him to com-
ply with the contract, (same act.)   The rent was settled by
Wright up to 1830, and after that time no demand was made
by the heirs of Erwin.

4. The court erred in overruling plaintiffs' exception, filed
4th October 1836, to the demands in reconvention and com-
pensation, contained in the answer of the heirs of Lavinia
Erwin, filed 27th September, 1836, and in not striking from
said answer, said demands in reconvention and compensa-
tion, for the reasons contained in plaintiffs' bill of exceptions.
*Code of Practice, article* 375, 7 *N. S.*, 288, 516.

5. The court erred in rejecting the testimony of J. J.
Burk, to prove the signature of Erwin, to the receipt refer-
red to in plaintiffs' bill of exceptions ; the witness had
sufficiently qualified himself to prove that fact.   7 *Martin's
Reports*, 368, 2 *Starkie's*, 651, 2 *Johnson's Cases*, 214–19,
*Johnson's Reports*, 134, *Louisiana Code*, 2260.   The *only* res-
triction or change made by the Code of Practice, in the ordi-
nary legal rules of evidence, is when the defendant is *called*
upon by the plaintiff to confess or deny his signature, and then
has denied it.   *Code of Practice*, 323, 324, 325, 326.   This deci-
sion of the court deterred plaintiff from calling any further
witnesses, who having the same knowledge as Burk, might
have proved the signature.

6. The second act being only signed by Wright, and not
by Erwin, could not annul the first act.

7. The court erred in charging the jury, that if the first
act was a sale, no necessity existed for putting the plaintiff
*in mora*, previous to divesting him of the property, and

instructing the jury to make no inquiry upon that point. EASTERN DIST.
See the authorities before cited. *February,* 1837.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

*Winchester* and *Pierce, contra.*

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs seek to recover in this action, damages occasioned by an eviction of a tract of land and a number of slaves, which they allege were purchased by their ancestor, from the ancestor of the defendants. The eviction is shown to have taken place, in consequence of a mortgage given by Erwin. The essential character of that contract, and of another subsequently entered into between Erwin and Wright, forms the principal subject of controversy in the case.

The act under private signature of the 13th of May, 1827, recites that Erwin sells to Wright the property in question, for a sum of eleven thousand dollars, payable in fifteen years; Wright agrees to rent the plantation and slaves from Erwin, for each year, for the sum of eleven hundred dollars, Erwin reserving a privilege on the crops. It is agreed, that Wright is not to be dispossessed in the event of Erwin's death, until the full term of fifteen years, provided the rent be paid up each and every year. If the rent should not be paid in any one year, and in consequence of the failure of crops, it is to be prolonged another year, on the payment of ten per cent., interest, on the rent in arrear. If any of the slaves should die, it is agreed that Erwin is to convey only what remains with the increase; Wright reserves to himself the faculty of paying the whole price, at any time previously to the expiration of the fifteen years. And in that case, Erwin binds himself to convey all the property.

*In a contract of sale of a plantation and slaves for a stipulated sum and long credit, an annual rent reserved, the parties will not be regarded in the light of lessor and lessee because of the rent, as the pretended lessee is himself the owner. The payment of an annual rent is but a stipulation for interest in disguise.*

We find no difficulty in pronouncing, that this contract embraces all the essentials of a sale, and was complete as such between the parties. The property was at the risk of the purchaser, and as between them no further act or conveyance was necessary to complete the contract. The agreement as to rent, is nothing more than a stipulation to pay interest on the price, at the rate of ten per cent., disguised under that

form.    That such an agreement did not create the relation of lessor and lessee between the parties is clear, because the pretended lessee was himself the owner of the property which was already at his risk, and it is absurd to say, that one may be the lessee of his own property.

But it is contended, that by a subsequent agreement on the 25th of November, 1828, the original contract was, in effect, rescinded, and Wright became the real lessee of the property. This agreement which is signed only by Wright, is a memorandum, "that the undersigned has this day rented of Joseph Erwin, his plantation, whereon I now live, the present and next crop, say ending the 1st of January, 1830, together with the negroes, &c.    I engage to pay all expenses of said plantation, slaves, taxes, &c., and to pay the said Joseph Erwin one thousand eight hundred and forty-seven dollars and eighty-four cents, clear and free from all and every expense, and that the said Erwin shall hold a privilege right on all the present and future crops, &c."    We do not see in this agreement, any abandonment of the right on the part of Wright, to pay the price stipulated by the first contract, and relieve himself from the payment of any further rent or interest on the price.    The two contracts are not more repugnant to each other than the first is to itself; the only difference appears to us to be a difference of rent for one year and part of another.    That this memorandum does not in itself show a reconveyance to Erwin, is clear, and if the first contract was cancelled, and the property reconveyed, it must be shown by different evidence.    We regard this as a mere continuation of the same fiction, and as evidence of some settlement in relation to the rent, which had been paid up to its date, and for what should be paid for the year 1829. After that period, the original contract would still be in force, for ought that appears in this agreement.    Admitting that the expression " his plantation, &c.," makes it probable that Erwin had become the real owner again, yet it could at best furnish but a commencement of proof in writing, which can no longer by law, be eked out by secondary evidence. The parties appear to have desired that the world should

Where the purchaser subsequently executes a private instrument or memorandum, in which he declares "he has this day rented from J. E., (his vendor,) his plantation, whereon I now live, together with the negroes, &c., and I engage to pay the taxes, &c., and a certain sum, clear and free of all expense, &c., and that J. E. have a privilege on all the crops;" Held, that this was only a harmless simulation, which did not rescind the sale.

consider Erwin as still the owner, under the previous sheriff's sale, and Wright, the former owner, as merely his tenant. Both acts, under private signature, present them in that light relatively to each other, and may, in our opinion, all be considered as consistent with each other. That it was a harmless simulation, as the rights of third persons were not affected.

The eviction is shown to have taken place, in consequence of a mortgage created by the vendor. Towards Wright, Erwin was a warrantor, according to our understanding of the contract. The former was not in delay, as to the payment of the price, as the fifteen years had not expired.

We are of opinion, that the court did not err, in refusing to permit the alleged receipt of Erwin, for the price and rent, to be read to the jury. The report of the experts did not sufficiently prove it to be genuine, and under the circumstances of this case, strict proof should be required, according to the principles settled by this court in the case of *Plicque* and *Le Beau* vs. *Labranche*. 9 *Louisiana Reports*, 559.

The verdict of the jury appears to us, not to have done justice between the parties, according to the evidence in the record, and the case must be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be avoided and reversed, the verdict set aside, and the case remanded for a new trial, and that the appellees pay the costs of this appeal.