LUCRETIA KENNEY *vs.* HOWARD WENTWORTH.

Penobscot.    Opinion March 18, 1885.

*Life lease.    Two lessees.*

A lease of a farm to two lessees provided that it should continue "for and during their natural life." *Held*, that the lease continued during the life of each.

ON EXCEPTIONS.

Forcible entry and detainer, begun in the police court of Bangor, January 27, 1883, to recover possession of a farm in Orrington. The action came to this court at the request of the defendant, upon the pleading and brief statement, as involving the title to real estate.

The plaintiff claimed possession under the following lease:

"Know all men by these presents, that I, Howard Wentworth, of Orrington, in Penobscot county and state of Maine, in consideration of four hundred dollars paid by Lucretia Kenney and Eber Ring, of Orrington, aforesaid, the receipt whereof is hereby acknowledged, do hereby demise, lease and let, to the said Lucretia Kenney and Eber Ring, a certain tract or parcel of land, together with the buildings thereon, situate in said Orrington,

. . . To have and to hold the aforesaid premises, with the privileges and appurtenances thereto belonging, to the said Lucretia Kenney and Eber Ring, for and during the term of their natural life.

" And the said Howard Wentworth agrees with said Lucretia Kenney and Eber Ring, that said Lucretia Kenney shall peace-

ably possess the said premises during said term, without the lawful interruption or eviction of any person whatsoever.

"In witness whereof, I, the said Howard Wentworth, have hereunto set my hand and seal, this twenty-third day of March, in the year of our Lord one thousand eight hundred and seventy-seven."

Duly executed, acknowledged and delivered.

Eber Ring died in June, 1880.

The court instructed the jury in substance, that the lease survived the death of Mr. Ring, and that after his death, plaintiff, so long as she lived, was entitled under the lease to the sole possession and use of the premises, and that they should bring in a verdict for the plaintiff, which they did do.

To these rulings, defendant alleged exceptions.

*J. W. Donnigan*, for the plaintiff.

*Jasper Hutchings*, for the defendant, contended that the lease terminated at the death of Ring, and if not, Mrs. Kenney was entitled to but one undivided half, that she and Ring were tenants in common. R. S., c. 73, §7. The lease was to continue during the term, not of his or her life, but of their natural life — not lives. That is, the life of both. The holding is by both, for one and the same term. But both can not hold after the death of one.

The granting part of a deed is the controlling part. The covenants and habendum are subordinate to the grant. *Congregational Society* v. *Stark*, 34 Vt. 243; *Flagg* v. *Eames*, 40 Vt. 16; *Manning* v. *Smith*, 6 Conn. 289; *Allen* v. *Holton*, 20 Pick. 458; *Corbin* v. *Healy*, 20 Pick. 514; *Cushing* v. *Aylwin*, 12 Met. 169; *Coe* v. *Persons unknown*, 43 Maine, 432; *Ballard* v. *Child*, 46 Maine, 152.

DANFORTH, J. The single question involved in this case, is the duration of the right of possession of the plaintiff to the premises in question. The lease, in language too clear to admit of doubt, gives it to her "for and during said term." The "said term" is defined but once in the lease, and then in a previous sentence, as being "for and during their natural life." The

lessees are two. The pronoun is in the plural and must include both of them. The noun life is in the singular, and refers to the life of the one as much as to the other, and must, therefore, be taken separately rather than jointly. If the lease is to terminate upon the death of one only, the full meaning of the language has not been exhausted. There is still one life included in the word " their " which has not ceased, and it must, therefore, follow that the lease has not terminated.

There is no intimation in this, or any other part of the lease, that it was to be terminated as to one before the other. It provides for one single term, whole and undivided. It can not cease as to one until it does as to both, and can not as to both until the whole life included in the plural pronoun has ceased.

If there were any doubt about this interpretation from the language used, it would be removed when we consider the circumstances under which the lease was made, and especially the object to be accomplished by it. The plaintiff was the original owner of the land, and under some contract obligation to support her co-lessee. In consideration of the conveyance, the defendant agreed to support both lessees, not during the life of one, but that of both, and the object of the lease clearly is to secure the performance of that obligation. But if it ceases at the death of one, it fails to perform the purpose for which it was given, and instead, becomes an instrument of injustice, if not of fraud.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.