WILLIAM ALBIN, BY GEORGE N. LA RUE, GUARDIAN, AP-
PELLEE, V. CHARLES C. PARMELE ET AL., APPELLANTS.

FILED APRIL 19, 1905. No. 14,065.

An incumbrance includes all interest in the land which may subsist
in a third person to the diminution of the value of the land,
but consistent with the passing of the fee by conveyance; hence,
an outstanding lease for a period of years is an incumbrance.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Reversed with directions.*

*Jesse L. Root* and *Samuel M. Chapman,* for appellants.

*Matthew Gering, contra.*

OLDHAM, C.

This cause is here a second time on appeal. The
former opinion in the case was written by AMES, C., and
is reported in 70 Neb. 740. A full statement of the plead-
ings and facts at issue is contained in the former opinion,
and this renders a further detailed statement unnecessary.
The action was instituted by William Albin, by George
N. La Rue, his guardian, against Charles C. Parmele and
Laurena Ann Carey, for the purpose of canceling and
setting aside a warranty deed executed and delivered to
Charles C. Parmele by William Albin and wife to certain
lands situated in Cass county, Nebraska, and also for the
purpose of canceling a deed from Charles C. Parmele and
wife to Laurena A. Carey, and a mortgage from Laurena
A. Carey, to Charles C. Parmele. At the first trial in the
district court all these conveyances were canceled, but
a lien for $850 for the purchase money paid by Charles
C. Parmele was decreed against the premises. On appeal
the decree of the district court was modified by cancel-
ing the lien for purchase money, and it was held that the
estate devised to William Albin by the will of his father

Benjamin Albin in the premises in controversy was a life
estate without power of alienation or incumbrance. It
appeared from the record in the first trial of this cause
that in 1899 William Albin, while not under guardian-
ship, had executed a lease for five years on the premises
to his brother for the sum of $200 a year. This lease took
effect March 1, 1900, and terminated March 1, 1905, and
was assigned to defendant Carey by the lessee. All tes-
timony with reference to this lease had been excluded by
the trial court at the first hearing, and on a motion for a
rehearing filed in the case of *Albin v. Parmele, supra,* the
following additional opinion, reported in 70 Neb. 746, was
rendered (SEDGWICK, J.) :

"It being insisted that the defendant Carey was in
possession of the premises under a lease which does not
appear to have been adjudicated below, and evidence upon
questions affecting the right of possession having been
excluded by the trial court, we think that the judgment
of this court should not determine that question; and, to
remove any doubt or uncertainty in that regard, the judg-
ment heretofore entered in this court is modified so as to
remand the cause to the district court with instructions
to determine the right of possession in accordance with
the opinion and judgment of this court." On a reversal of
the cause under these directions the district court held
that under the decree entered in this court the lease was
absolutely void and executed without authority and can-
celed the same, and to reverse this finding a second appeal
to this court is taken by defendants Parmele and Carey.

It is now insisted by counsel for appellants that the
learned judge of the district court has failed to follow the
directions under which the cause was remanded. We
think that in a restricted sense this contention is well-
founded. In the first judgment entered by the district
court the annual rents and pro 'ts of the land in dispute
was determined to have been of  he value of $250 a year,
and against the judgment, so ente 'ed, was set off the lien
for purchase money, which lien o1 appeal to this court

was canceled and held for naught.   Consequently, when the cause was remanded the accounting for rents and profits as decreed stood as a judgment absolute against the defendants.   Now the object of remanding the cause was to have the court, in the accounting for rents and profits and in determining the right of possession at the time the suit was originally instituted, inquire into all the facts and circumstances connected with the possession of the defendants under the alleged lease.   It is claimed with reference to the lease in controversy that it was executed by William Albin after he had been discharged from his first guardianship, and that it was executed to his brother for what at that time was a fair and equitable allowance for the rents and profits of the land devised to Wiliam Albin.   As a lease for a term of years we are satisfied that under the opinion rendered in this court the conveyance was invalid and within the prohibition of the will against the right of William Albin to alien or incumber the life estate devised to him, because an incumbrance includes all interest in the land which may subsist in a third person to the diminution of the value of the land, but consistent with the passing of the fee by conveyance; hence, an outstanding lease for a period of years is an incumbrance.   *Fritz v. Pusey,* 31 Minn. 368, 18 N. W. 94; *Grice v. Scarborough,* 2 Spear (S. Car.), *648; *Batchelder v. Sturgis,* 3 Cush. (Mass.) 201; *Porter v. Bradley,* 7 R. I. 538; *Noyes v. Rockwood,* 56 Vt. 647.

We are not unmindful that under the canon of construction by which this will was interpreted at the first hearing of the cause we must, if possible, carry into effect the manifest intention of the testator.   Now, it is plain that this will was executed with the intent of providing a means of support for a degenerate and spendthrift son, such as William Albin is conceded by all parties to this controversy to be.   William Albin is himself incompetent to manage and cultivate the lands in controversy, consequently, to obtain a livelihood from their use he must of necessity employ someone to cultivate them for him, and

whether this be done directly by hiring help and receiving the proceeds of the farm, or indirectly by receiving a fair and equitable allowance for the use of the farm, arrives at the same end by different means. While, as before stated, the lease as a conveyance for a term of years is prohibited, yet, we think, that in an equitable accounting for the rents and profits of the land by defendant Carey, the court should take into consideration the amount of rent actually paid to William Albin during the time the lessee occupied the premises, and should for this purpose treat the lessee as standing in the position of a tenant at will, rather than for a term of years. The lease under any view expired on the first day of March, 1905, so that we recommend that the judgment of the district court be reversed, with directions to take an accounting of the amount due for rents and profits of the premises in controversy during the time they were occupied under the lease, and to credit this account with such sums as William Albin has received from the lessee during the existence of the lease.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to take an accounting of the amount due for rents and profits of the premises in controversy during the time they were occupied under the lease, and to credit this account with such sums as William Albin has received from the lessee during the existence of the lease.

REVERSED WITH DIRECTIONS.