WILLIAM ALBIN, BY GEORGE N. LA RUE, GUARDIAN, APPEL-
LANT, v. CHARLES C. PARMELE ET AL., APPELLEES.

FILED JANUARY 5, 1907. No. 14,730.

Judgment: MANDATE. The judgment of the district court examined,
and *held* in conformity with the directions contained in the man-
date of this court in the case of *Albin v. Parmele*, 73 Neb. 663.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Affirmed.*

*Matthew Gering,* for appellant.

*Jesse L. Root* and *Samuel M. Chapman, contra.*

OLDHAM, C.

The only question at issue in this appeal is as to whether
or not the district court for Cass county, Nebraska, has
rendered an accounting for rents and profits of the prem-
ises in dispute between the parties in conformity with the
mandate issued by this court on April 19, 1905, in the case
of *Albin v. Parmele,* 73 Neb. 663. The full history of this
litigation and all the issues determined therein appear in
the former opinions rendered by this court in *Albin v.
Parmele,* 70 Neb. 740, 746, and 73 Neb. 663. By ref-
erence to these opinions it will be noted that, at
the first hearing of this cause in this court, it was
determined that, under the will of Benjamin Albin,
deceased, William Albin was devised a life estate in the
premises in controversy without the power of alienation
or incumbrance, and that the deed from William Albin
and wife to defendant Parmele, and the deed from Parmele
to Carey, and the mortgage from Carey to Parmele were
properly canceled and held for naught by the district
court, but that the court had erred in incumbrancing the
estate with a judgment lien for the purchase money paid
by Parmele to William Albin. In the memorandum opin-

ion on the motion for rehearing the cause was re-
manded for a determination of the rights of the parties
under a five years' lease, executed by William Albin to
his brother Frank Albin, and assigned to defendant
Parmele. At a retrial of the cause, the court, in attempted
conformity with this mandate, held the lease absolutely
void, and without effect, and rendered judgment against
the defendants for possession of the premises and the full
amount of the rents and profits accruing during their
occupancy of the same. On a review of this judgment,
at the last hearing of the cause in this court, it was
determined that the lease for a term of years was an
incumbrance on the estate, and as such was executed
without authority, but that, in an equitable accounting for
rents and profits, the occupancy of the premises under the
lease should be treated as the holding of a tenant at will.
The judgment was reversed, with directions to the court
below "to take an accounting of the amount due for rents
and profits of the premises in controversy during the time
they were occupied under the lease, and to credit this ac-
counting with such sums as William Albin has received
from the lessees during the existence of the lease." In con-
formity with this direction the trial court found that the
amount stipulated in the lease was the reasonable value
of the leasehold interest for the first year that it was occu-
pied by the lessees, and that the amount therein stipulated
had been paid to the guardian of the lessor for his support
and maintenance. The court further found that, for the
three succeeding years, in which the premises were occu-
pied by the defendants under the assignment of the lease
and their void deeds, the value of the premises was in
excess of $200 a year, the sum named in the lease, and of
the total value of $370, and that during said time William
Albin had received from the lessees the sum of $1,000,
and, consequently, was not entitled to any further recovery
for rents and profits. The decree found that the defend-
ants had delivered the peaceable possession of the premises
to the plaintiff at the expiration of the lease, in March,

1905, and judgment was entered quieting the title to the land and canceling all the conveyances thereon, in conformity with the judgments and mandates of this court. From so much of the judgment as denied plaintiff's claim for rents and profits, plaintiff appeals to this court.

It seems to us that the judgment of the district court is in strict compliance with the directions contained in the mandate. We directed an equitable accounting between the parties, not under the terms of the leasehold contract, which was invalid, but rather by treating the occupancy as if it were a tenancy at will, and charging the occupants for the actual value of the use of the premises, and crediting them with the amount paid plaintiff during the time of such possession. The court charged defendants with the occupancy as directed by this mandate. Defendants were credited with the $1,000 paid to William Albin by defendant Parmele at the time the deed was executed and the lease assigned, and it is of this credit, and not of the charges in the accounting, that complaint is made. We held at the first hearing of the cause that a judgment for the purchase money could not be taxed as a lien against the land in controversy, because there was no authority under the will to incumber it. But we did not hold that the amount actually paid by defendant Parmele to William Albin might not be taken into consideration in an equitable accounting for rents and profits. The testimony tends to show that the $1,000 received from Parmele was largely used for the support and maintenance of William Albin and his family, and, as the court did not render judgment over against plaintiff for the remainder due, but merely dismissed plaintiff's claim, we think the judgment was in conformity with the mandate, and recommend that it be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.