ELLA WEDDINGFELD, APPELLANT, v. CAROLINE WEDDING-FELD ET AL., APPELLEES.

FILED FEBRUARY 27, 1923. No. 22243.

Partition. Sections 9238, 9258, and 9261, Comp. St. 1922, construed, and *held* that, when there is an outstanding estate for life, vested in a third person, in the whole of the premises of which partition is sought, a remainderman cannot maintain an action in partition over the objection of the holder of the life estate.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Kingsbury & Hendrickson,* for appellant.

*W. D. McCarthy,* contra.

Heard before Morrissey, C. J., Letton, Dean and Good, JJ., Raper, District Judge.

Morrissey, C. J.

One Weddingfeld died seised of 200 acres of land in Dixon county, Nebraska. Under the provisions of his will, which was duly probated, his widow, Caroline Weddingfeld, one of the defendants in the action, be came vested with a life estate in all of the land. Plaintiff and the defendants Ella Virginia Weddingfeld and Albert Weddingfeld, minors, are the joint owners or tenants in common of the remainder. While the owner of the life estate was living and in possession of the property, plaintiff instituted this suit, and by her petition prayed partition of the real estate. The trial court sus tained a general demurrer to the petition and dismissed plaintiff's cause of action. The question presented on this appeal is: Can partition be had over the objection of the holder of the life estate in possession during the continuance of the life estate?

"The general rule which prevails with few exceptions unless it has been changed by statute is that a joint tenant or tenant in common will not be permitted to maintain a suit for partition unless he has an estate in possession, namely, such an estate as entitles him to enjoy the present possession of the property and receive the rents and profits thereof as one of the joint tenants or cotenants thereof." 15 Ency. Pl. & Pr. p. 784. See *Brown v. Brown*, 67 W. Va. 251, 28 L. R. A. n. s. 125, and note; *Striker v. Mott*, 2 Paige Ch. (N. Y.) 387; *Eberle v. Gaier*, 89 Ohio St. 118; *Alexander v. Alexander*, 26 Neb. 68.

It will be seen that an essential element requisite to the maintenance of the action is the possession, actual or constructive, or the immediate right to such possession of the lands sought to be partitioned. The proceeding operates upon the possession and enables each of the owners to take and enjoy his share of the common or

joint estate.  However, it is argued by plaintiff's attorneys that this action may be maintained by virtue of the provision of section 9238, Comp. St. 1922, which provides:

"When the object of the action is to effect the partition of real property among several joint owners, the petition must describe the property, and the several interests and estates of the several joint owners thereof, if known. All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed."

Counsel point out that, in this section, "nothing whatever is said about possession or the right of possession." And they argue that because of the absence of a reference to possession or the right of possession the legislature intended to say that partition might be had although the parties seeking the relief had neither the possession nor the right thereto.  A reading of the statute, however, discloses that it provides  for partition only among "tenants in common or joint tenants."  Before it can be invoked to compel the holder of the life estate to submit to partition, a court must first hold that the holder of the life estate and the remaindermen are "tenants in common or joint tenants."  It is plain that plaintiff and her two minor children whom she has made defendants are tenants in common or joint tenants in remainder, but they are not tenants in common or joint tenants with the holder of the life estate.  She holds her interest in severalty.  As to her it is not necessary that the statute make reference to possession, or the lack of possession, because she does not fall within its terms.

But counsel point to two succeeding sections of the statute, namely, 9258, Comp. St. 1922, which provides for the payment of incumbrances, if any are found to exist, and section 9261, which provides:

"If an estate for life or years be found to exist

as an incumbrance upon any part of said property, and if the parties cannot agree upon the sum in gross which they will consider an equivalent for such estate, the court shall direct the avails of the incumbered property to be invested, and the proceeds to be paid to the incumbrancer during the existence of the incumbrance."

When these sections are read in connection with 9238 they cannot be construed to confer upon the remainderman the right to force partition upon the holder of the life estate. Section 9261, upon which chief reliance is placed, does not authorize the court to ascertain the value of the life estate and pay it over to the holder of the life estate, but, on the other hand, it directs the court to have the entire fund created by the sale invested, "and the proceeds to be paid to the incumbrancer during the existence of the incumbrance." It is clear, we think, that the provisions of the last two mentioned sections are meant only to apply, first, to cases where there is an ordinary incumbrance, such as a mortgage; and, second, where there is an estate for life or for years and the holder of such estate voluntarily submits to the partition, but, having gone thus far, fails to agree with the other parties in interest upon the value of the life estate. In that event the court orders the investment of the entire amount realized from the sale. It therefore follows that the demurrer was properly sustained.

The further assignment is made that the court erred in dismissing plaintiff's cause of action against the minor children. Service of summons was not had upon the children and no appearance was made in their behalf. The issue was treated as one between plaintiff and the holder of the life estate, and the order of dismissal was apparently made for the accommodation of plaintiff, so that she might have an order from which appeal would lie to this court.

There is no error in the record, and the judgment is        AFFIRMED.