## SUPERIOR COURT

Malvina Germain
vs.
Joseph Germain alias
}
No. 63404

RESCRIPT

MAY 25, 1925

Baker, J. Heard on demurrer to the declaration.

The Court has some doubt whether the case is properly before it in its present form. There is a question as to whether, perhaps, the defendant should not have raised the matters now in dispute by a writ of error after the decision in the District Court.

See Taylor vs. Loomis, 21 R. I. 277, which was a case decided prior to the passage of the Court and Practice Act, and also the following cases, which have been decided since said act was passed: Vrooman vs. Arnold, 29 R. I. 478; Ferarra vs. Russo, 40 R. I. 533; McKenzie & Shea vs. R. I. Hospital Trust Co., 45 R. I. 407.

In view of the fact, however, that the case is in this court and that the demurrer has been fully argued, the Court will proceed to pass upon it.

In its nature the demurrer is substantial and not formal. The action is one of trespass and ejectment. In addition to the counts printed in the writ, two additional counts have been filed. The lease under which the defendant is holding the premises in question is made a part of these additional counts and, therefore, may be considered by the Court. The demurrer is to all the counts in the declaration.

The lease shows that the premises in question were leased to two persons "for and during the term of their natural life." The pleadings show in the first additional count to the declaration that one of the lessees has died but that the defendant lessee is still in possession of the property.

The plaintiff argues that the defendant's term expired when the other co-lessee died. The law, however, seems to be otherwise. It has been held that in such a lease the tenancy continues during the life of the survivor. The Court, in other words, gives effect to the use of the term "their," and construes that as meaning the life of the survivor of the two lessees. Tiffany's Landlord & Tenant, Vol. 1, Sec. 11 b. Kenney vs. Wentworth, 77 Me. 203.

It would appear, therefore, from the pleadings that the defendant during his life is still lessee of the premises, and that, therefore, the demurrer to the first additional count of the declaration, and to such of the printed counts as allege the tenancy to have expired, is good.

An examination of the lease in question shows that there was no rent stipulated to be paid by the lesses. In the judgment of the Court the portion of the lease requiring them to pay additional taxes can not be considered as rent. It would appear, therefore, that the count in the printed declaration which alleges the rent to be in arrears for a period of fifteen days is demurrable.

The lease requires the lessees to pay any increase in taxes that may be imposed on the premises during the term of the lease. The second additional count attempts to set out the failure of the lessees to conform with this provision of the lease. The allegations in this count, however, are extremely vague and uncertain. Practically the only allegation is that at some time the defendant refused to pay such increased taxes. There is no allegation that the taxes have

not since been paid. The lease has run for a number of years and there is no allegation as to when this failure to pay taxes occurred. There is no allegation that the taxes in question were due at the time the defendant is said to have refused to pay them. There is also no allegation that the plaintiff entered upon the premises and declared the lease at an end upon such failure as, according to the terms of the lease, she had a right to do.

· In the opinion of the Court the second additional count is also demurrable.

The defendant's demurrer to the declaration and the additional counts thereof is therefore sustained.

For Plaintiff: Archambault & Archambault.

For Defendant: Malcolm D. Champlin.