JOHN BODEMAN ET AL., APPELLANTS, v. OPAL CARY ET AL., APPELLEES.

41 N. W. 2d 797

Filed March 16, 1950.    No. 32727.

*Torgeson, Halcomb & O'Brien,* for appellants.

*Jack H. Hendrix,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs brought this action to partition the southwest quarter and the east half of Section 19, Township 6 North, Range 33 West of the 6th P. M., located in Hayes County, and to secure an accounting as against defendant Amy Bodeman of one-half the rentals therefrom, collected by her after June 22, 1943. Defendants Gerald A. Bodeman, Verle J. Bodeman, and Amy Bodeman demurred to plaintiffs' petition, both generally and upon the ground that the petition showed on its face that there was an outstanding life estate in the entire real estate involved, thus plaintiffs were not entitled to partition. The demurrer was sustained, and plaintiffs elected to stand upon their petition, whereupon the trial court dismissed plaintiff's action. Plaintiffs appealed, assigning that the trial court erred in so doing. We conclude that the assignment should not be sustained.

Concededly, defendants' demurrer admitted only facts well pleaded, and not conclusions of either law or fact. Bearing that in mind, the petition discloses as follows: One Gustaf Bodeman, who died testate October 17, 1928, was, on that date, the owner in fee simple of the property involved. His will, duly admitted to probate on

November 26, 1928, copy of which was attached to plaintiffs' petition and made a part thereof, provided, among other things:

"SECOND: I give, devise, and bequeath unto my daughters, Sophia Bodeman and Amy Bodeman, who have so kindly cared for me during my declining years, all of my real estate of every kind and nature and wheresoever situated for their use and benefit so long as they live.

"THIRD: I give, devise and bequeath, on the death of said Sophia Bodeman and Amy Bodeman, all of my real estate of every kind and nature and wheresoever situated to my following named childrren (children) and grandchildren, share and share alike, to-wit: Andrew G. Bodeman, Lee Bodeman, John Bodeman, Alfred Bodeman, Anna Wahlstrom, Nellie Wynant, and Clarence Bodeman, to be theirs absolutely. That is to say, on the death of Sophia Bodeman and Amy Bodeman, it is my desire that my children and grandson in this paragraph named, shall have the fee simple and absolute title to the land owned by me at the time of my death."

The probate proceeding involving the will had been completed approximately 15 years before this action was commenced, and all claims against the estate had been paid or barred by law. Sophia Bodeman died June 22, 1943.

Plaintiffs John Bodeman and Nellie Wynant are children of testator, named in his will. Defendants included Clarence Bodeman, the grandson named in the will, Amy Bodeman, the daughter of testator, and the respective heirs or representatives of other named children. All persons named in the will survived the testator, but his children Sophia Bodeman, Andrew G. Bodeman, Lee Bodeman, Alfred Bodeman, and Anna Wahlstrom, all died prior to the filing of this action.

As we view the record, the primary question for decision here is whether or not the fee simple title to any part of the real estate involved vested in the remainder-

men free from the burden of the life estate, before the death of both life tenants Sophia Bodeman and Amy Bodeman. We conclude that it did not.

Plaintiffs argued that Sophia Bodeman and Amy Bodeman, life tenants under the will, were tenants in common of a life estate as distinguished from a joint tenancy. Consequently, they contended that upon Sophia Bodeman's death, her life interest ceased, and the fee simple title to an undivided one-half interest in the property then vested in the remaindermen or their heirs, with the right to the use and enjoyment thereof freed from the burden of the life estate, and that plaintiffs John Bodeman and Nellie Wynant thus became tenants in common with Amy Bodeman, with the right to partition and an accounting for one-half the rents collected by Amy Bodeman after Sophia Bodeman's death.

On the other hand, defendants argued that under the will the fee simple title to no part of the property vested in the remaindermen freed from the burden of the life estate, until the death of both life tenants, and that Amy Bodeman, as survivor, still having an exclusive estate for life in the whole of the premises of which partition was sought, the remaindermen could not maintain partition. We sustain that contention.

Section 25-2170, R. R. S. 1943, provides in part: "All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed."

This court has recently held: "While as between joint tenancies and tenancies in common the law prefers the latter, yet if the purpose to create a joint tenancy is clearly expressed in an instrument of conveyance or ownership, the law will permit the intention of the parties to control, and a joint tenancy with right of survivorship will be created." In re Estate of Vance, 149 Neb. 220, 30 N. W. 2d 677.

Section 76-205, R. S. 1943, which is declaratory of our

rule for the construction of wills, provides: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law."

In Lancaster County Bank v. Marshel, 130 Neb. 141, 264 N. W. 470, it was said: "In the application of this legislative formula, this jurisdiction is committed to the view that 'No rule of law is better settled or more in accord with good sense than that which requires the intention of the testator to be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No particular words, no conventional forms of expression, are necessary to make an effective testamentary disposition of his property. The court, without much regard to the canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it. * * *' " See, also, Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713; Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159.

In the light of the foregoing rules, we have examined testator's will, the provisions of which were not ambiguous in any manner. The testator's intention clearly appears from the language used. The second paragraph of the will is the simple statement that both of testator's "daughters, Sophia Bodeman *and* Amy Bodeman," were given "*all* of my real estate of every kind and nature and wheresoever situated for *their* use and benefit *so long as they live*." (Italics supplied.)

Thereafter, the third paragraph settled the question of termination of their life estates, by saying: "I give, devise and bequeath, *on the death of said Sophia Bodeman and Amy Bodeman, all* of my real estate *. * * * to my following named childrren (children) and grandchildren * * * to be theirs absolutely. That is to say, *on the death of Sophia*

*Bodeman and Amy Bodeman*, it is my desire that my children and grandson in this paragraph named, shall have the fee simple and *absolute title* to the land owned by me at the time of my death." (Italics supplied.)

As we view it, the will specifically provided, and it was clearly the intention of testator, that the fee simple title to no part of the real estate involved should vest in any devisee free from the burden of the life estate, until both life tenants were dead. Amy Bodeman still lives, and as survivor she has a life estate in all of the real estate. To hold otherwise would not give full meaning to all the language used by the testator, and thus defeat his intent.

As stated in 31 C. J. S., Estates, § 65 (2), p. 78: "An estate for the tenant's own life terminates immediately on the death of the tenant. An estate for the tenant's own life and for the life of another person does not terminate on the death of the tenant during the life of the other person but only on the death of the survivor of these two persons, and an estate to two persons for and during their natural life continues during the life of each, and is terminated only at the death of the survivor." See, also, Kenney v. Wentworth, 77 Me. 203. The text further states at page 79: "A usufruct is terminated by the death of the usufructuary, but if given to two persons during their lives no part of the usufruct ceases until the death of both usufructuaries." See, also, Arceneaux v. Bernard, 10 La. 529. Also, as stated in 21 C. J., Estates, § 111, p. 969: "An estate * * * for the tenant's own life and for the life of another person does not terminate on the death of the tenant during the life of the other person but only on the death of the longer lived of these two persons, and an estate to two persons for and during their natural life continues during the life of each, and is terminated only at the death of the survivor."

Philbert v. Campbell, 317 Mo. 556, 296 S. W. 1001, relied upon by plaintiffs, is not only distinguishable upon the facts but was also decided upon the basis of the pro-

visions of a specifically applicable statute, of which this state has no counterpart. In that connection, see, also, Dodd v. McGee, 354 Mo. 644, 190 S. W. 2d 231. Woolston v. Beck, 34 N. J. Eq. 74, Stoutenburgh v. Moore, 37 N. J. Eq. 63, Collins v. Wardell, 65 N. J. Eq. 366, 54 A. 417, and In re French's Estate, 292 Pa. 37, 140 A. 549, relied upon by plaintiffs, are distinguishable upon the facts, because provisions of the wills involved therein were not comparable with those at bar.

It is well established that "when there is an outstanding estate for life, vested in a third person, in the whole of the premises of which partition is sought, a remainderman cannot maintain an action in partition over the objection of the holder of the life estate." Weddingfeld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227; Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485. Such rule is controlling in the case at bar.

Other propositions of law are presented in briefs of counsel, but they require no discussion.

For the reasons heretofore set forth, we conclude that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.