GERTRUDE HARTMAN, APPELLANT, V. EDITH D. DRAKE ET AL., APPELLEES.

87 N. W. 2d 895

Filed February 14, 1958. No. 34292.

*William S. Padley,* for appellant.

*Edward E. Carr, Robert E. Roeder,* and *Donald V. Lowe,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to partition farm land. The land was owned in fee simple by Claude O. Drake and was the homestead of Claude O. and Edith D. Drake. Mr. Drake died intestate. It was stipulated that title to the property descended, an undivided one-half interest and a life estate in the entire property, to Mrs. Drake. The other undivided one-half interest descended to heirs of Mr. Drake subject to the life estate.

Mrs. Drake leased the land to Mark L. Miller for cash rent for a period of 5 years with an option of renewal for a 5-year period.

Plaintiff is the owner of an undivided interest in the half interest in remainder. The defendants are Mrs. Drake, Mr. Miller, and the other owners of the remainder interests. Wives and husbands of the parties are made defendants.

Defendant Miller answered alleging his lease and praying that the petition be dismissed or if not dismissed that decree be entered fixing his rights to the use of the property superior to the rights of the plaintiff and all other defendants.

Lester L. Drake, owner of an undivided interest in remainder, answered resisting partition. Other remainder owners filed answers resisting partition unless there was a waiver of the life interest by Mrs. Drake.

Mrs. Drake did not answer or otherwise plead. Prior to trial, default was entered against Mrs. Drake and other nonanswering defendants. Mrs. Drake testified as a witness for the plaintiff as to the lease to Mr. Miller.

The court found that there was a privity of estate

between Mrs. Drake, the life tenant, and Mr. Miller, the lessee, which gave him the right to object to the partition action, and having objected, the objection should be sustained and the action dismissed. That was done.

Plaintiff appeals. We reverse the judgment of the trial court and remand the cause for further proceedings.

The established rule is: When there is an outstanding estate for life vested in another to the whole of the premises of which partition is sought, a remainderman cannot maintain an action in partition over the objection of the holder of such life estate. Bodeman v. Cary, 152 Neb. 506, 41 N. W. 2d 797. See, also, Weddingfeld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227; Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485.

It may also be now accepted as the rule that a partition action may be maintained where a tenant in common or a joint tenant in remainder commences it and the life tenant who has the possession or the right of possession defaults or fails to object to partition of the premises. Baskins v. Krepcik, 153 Neb. 36, 43 N. W. 2d 624.

The question here is: Does a lessee in possession for a term of years under a lease from the life tenant have the power to object and prevent partition where the life tenant defaults or fails to object to partition?

We hold that he does not.

Section 25-2170, R. R. S. 1943, provides that: "The petition must describe the property, and the several interests and estates of the several joint owners, or lessees thereof, if known. All tenants in common, joint tenants, or lessees of any estate in land or interest therein, or of any mineral, coal, petroleum, or gas rights, may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed."

Section 25-2170.01, R. R. S. 1943, provides that: "Any joint owner of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas rights, whether held in fee or by lease or otherwise, may com-

pel a partition thereof in the manner provided in sections 25-2170 to 25-21,111."

The above sections do not answer the problem.

The reference to lessees was included in the above sections by amendment in 1951. Laws 1951, c. 72, § 1, p. 228. The material part of the title of the act is: "* * * to redefine what persons may compel and what interests may be subject to partition; to authorize the partition of *joint ownership* in mineral rights; * * *." (Emphasis supplied.)

Section 25-2170, R. R. S. 1943, provides that the petition must describe the several interests of the "several joint owners, or lessees thereof, if known."

The purpose of a partition action is to divide a jointly-owned interest in property so that each owner may enjoy and possess in severalty. 68 C. J. S., Partition, § 1, p. 8; 40 Am. Jur., Partition, § 2, p. 4.

The lessee here has an entire interest. As to him there is no leasehold to partition among "several * * * lessees."

This does not mean, however, that Miller as the owner of a separate interest can prevent partition by those who have partitionable interests in the real estate.

The answer to this question is found in an analysis of the titles held by the life tenant and her lessee.

A life estate is a freehold interest in lands. 31 C. J. S., Estates, § 30, p. 39; 19 Am. Jur., Estates, § 56, p. 518. An estate of freehold is an estate of indeterminate duration other than an estate at will or by sufferance. 31 C. J. S., Estates, § 7, p. 16; 19 Am. Jur., Estates, § 4, p. 464.

An estate for a term of years is less than a freehold. "Such estates are regarded as chattel interests, that is, interests in incorporeal hereditaments, not amounting to freeholds, as distinguished from freehold interests; and are regarded as 'chattels real,' that is estates or interests which are annexed to or concern real estate, and include all estates and interests in real property

less than estates of freehold." 31 C. J. S., Estates, § 12, p. 27. See 19 Am. Jur., Estates, § 57, p. 519: "Such an estate, being merely a chattel interest, is inferior in legal contemplation to an estate for life."

Generally, a leasehold for a term of years is a chattel real, falling within the classification of personal property. Offutt Housing Co. v. County of Sarpy, 160 Neb. 320, 70 N. W. 2d 382, affirmed 351 U. S. 253, 76 S. Ct. 814, 100 L. Ed. 1151.

The purpose of partition at common law was to obtain a division of the freehold, i.e., a division of the seisin. 2 Tiffany, Real Property (3rd ed.), § 476, p. 318. See Restatement, Property, § 174, p. 672. So the rule protects a life tenant who has seisin and right of possession from partition of the seisin against the will of the life tenant. That reasoning does not apply to the holder of a lease for a term for years.

We have held: An encumbrance includes all interest in the land which may subsist in a third person to the diminution of the value of the land, but consistent with the passing of the fee by conveyance; hence, an outstanding lease for a period of years is an encumbrance. Albin v. Parmele, 73 Neb. 663, 103 N. W. 304. The above case held a lease for years on a life estate to be an encumbrance.

Mr. Miller is, then, the holder of an encumbrance on the life estate of Mrs. Drake. He is entitled to protection as an encumbrancer of that life interest according to the terms of his contract with Mrs. Drake. The statute provides for that protection. Section 25-2187, R. R. S. 1943, authorizes the court to appoint a referee to inquire into and report as to the nature and amount of encumbrances.

Section 25-2190, R. R. S. 1943, provides: "If any encumbrance is ascertained to exist, the proceeds of the sale of that portion, after the payment of costs, or so much thereof as is necessary, shall, if the owner consents, be paid over to the encumbrancer."

Section 25-2191, R. R. S. 1943, provides: "If the owner objects to the payment of such encumbrance, the money shall be retained or invested by order of the court to await final action in relation to its disposition, and notice thereof shall be forthwith given to the encumbrancer, unless he has already been made a party."

Section 25-2192, R. R. S. 1943, provides: "The court may direct an issue to be made up between the encumbrancer and the owner, which shall be decisive of their respective rights.

Section 25-2193, R. R. S. 1943, provides: "If an estate for life or years be found to exist as an encumbrance upon any part of said property, and if the parties cannot agree upon the sum in gross which they will consider an equivalent for such estate, the court shall direct the avails of the encumbered property to be invested, and the proceeds to be paid to the encumbrancer during the existence of the encumbrance."

Section 25-2194, R. R. S. 1943, provides: "The proceedings in relation to the encumbrances shall not delay the distribution of the proceeds of other shares in respect to which no difficulties exist."

Section 25-21,109, R. R. S. 1943, provides: "Any persons claiming to hold an encumbrance upon any portion of the property involved in the suit, may, in default of the owner, appear and act as his representative in any of the proceedings under sections 25-2170 to 25-21,111."

Mr. Miller here contends that section 25-21,109, R. R. S. 1943, implies that he, as an encumbrancer, can enforce any legal right that Mrs. Drake could enforce, including the right of the life tenant to object to partition.

So far as we can determine this section of our statute has never been construed by us. Neither party here cites any decisions helpful to a construction. This language was adopted in the original act by our Territorial

Legislature in 1855. Laws 1855, § 648, p. 117. It was an adoption of an Iowa code.

It appears further that Iowa originally adopted this language as a part of a partition statute in 1839 in an act approved January 4, 1839. See Statutes of Iowa 1843, c. 110, § 52, p. 464. It appears to have been omitted from the Iowa act in an 1873 revision. We have been unable to trace its origin beyond that point nor to find other similar provisions or decisions construing it.

The answer to the meaning of the provision is found in the statute itself. Section 25-2191, R. R. S. 1943, provides for the giving of notice to an encumbrancer, "unless he has already been made a party." This suggests that the encumbrancer may be a proper but not a necessary party to that point in accord with the rules concerning parties. See, 40 Am. Jur., Partition, § 66, p. 54; 68 C. J. S., Partition, § 77, p. 121.

Section 25-2192, R. R. S. 1943, provides that the court may direct issues to be made up between the encumbrancer and the owner which shall be decisive of their rights.

Section 25-21,109, R. R. S. 1943, provides that one claiming to be an encumbrancer may, in default of the owner, appear and act as his representative. This provision means that an encumbrancer can assert the rights of an owner of the encumbered property who is in default so as to protect the encumbrancer in his rights. Or, stated otherwise, the owner by defaulting in asserting his rights cannot defeat the rights of the encumbrancer. This does not mean that the encumbrancer can represent the owner to the extent of exercising a discretionary right that is peculiarly that of the owner and not that of the encumbrancer.

It is accordingly held that the trial court erred in dismissing the action.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

CARTER, WENKE, and BOSLAUGH, JJ., concurring.

We concur with the opinion of the majority. We feel, however, that the reason for the holding that the lessee was not in privity with the owner of the life tenancy should have been set out in the opinion. The lessee of the property is in privity with the owner of the life estate to the same extent that any lessee is in privity with his lessor. This is in harmony with section 25-21,109, R. R. S. 1943, providing that where the owner defaults, an encumbrancer may appear and represent the owner. But as between the lessee and the owner of the life estate as such there is no privity. Consequently, a lessee may not assert the rights of the owner of the life tenancy which are peculiar to the life tenancy. The lessee therefore has no right by reason of privity to assert the right of the life tenant to object to partition, such right being one arising solely out of her status as owner of the life tenancy and not as lessor.