WILLIAM L. NAIMAN ET AL., APPELLEES, v. MARY BOHLMEYER ET AL., APPELLANTS.

FILED JANUARY 2, 1915.    No. 17,939.

1. Homestead: DESCENT. When the holder of the legal title of a homestead dies, leaving a widow and children, the law creates two new estates, a life estate in the widow and an estate in remainder in the children. These estates, are absolute and do not depend upon occupancy.

2. ———: SALE BY ADMINISTRATOR: VALIDITY. In such case the homestead is not liable for debts incurred by the deceased in his lifetime, and an attempted sale by the administrator to pay the debts of the deceased is void.

3. ———: ———: ———. If the widow buys the land at such administrator's sale, and afterwards conveys it by warranty deed, the grantee in such deed takes the life estate. It is void as to the estate of the children.

4. Quieting Title: SUIT BY REMAINDERMEN. The children of the deceased can maintain this action to have their title to the particular estate determined and quieted. The rights of the holders of the life estate and the holders of the particular estate as between themselves are not determined in this action.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Affirmed as modified.*

*J. P. Baldwin* and *C. L. Richards,* for appellants.

*M. H. Weiss* and *J. T. McCuistion, contra.*

SEDGWICK, J.

In January, 1894, Theodore Naiman died, being the owner in fee of a quarter section of land in Thayer county, which he occupied as a homestead, with his wife and four minor children. His widow, Mathilde, was appointed administratrix of his estate, and afterwards intermarried with one Henry Koch, who was substituted as administrator of the estate of Theodore Naiman. As such administrator, Mr. Koch applied to the district court for Thayer county for license to sell the real estate in question. License was granted, and the land was sold by the administrator to his wife, then Mathilde Koch. Afterwards Mathilde Koch, together with Henry Koch, her husband, sold and conveyed the land to Henry Bohlmeyer. Afterwards Henry Bohlmeyer died, and this action was brought by the four children of Mr. Naiman against the widow and children of Henry Bohlmeyer, who were then occupying the premises. The object of this action, as stated in the petition, was to cancel the deed from Henry Koch as administrator to his wife, Mathilde Koch, and also the deed from Mathilde Koch and her husband to Henry Bohlmeyer. The trial court found the issues in favor of the plaintiffs and canceled the deeds accordingly, and the defendants have appealed.

The appellants contend that Mathilde Koch, the widow of Theodore Naiman, having abandoned the land as her home and having taken her children with her, the homestead character of the land ceased. In this, of course, the appellants are mistaken. Under our statute, when the holder of the legal title of the homestead dies, the law creates new estates, a life estate in his widow and an estate in remainder in his children and heirs. It is immaterial whether the widow and children continue to occupy the premises. Their estates do not depend upon the occupancy thereof after the death of the holder of the legal title, but vest in them absolutely on his death. The deed of the ad-

ministrator of the estate of Theodore Naiman to Mrs. Koch was, of course, absolutely void. The land having been the homestead of Mr. Naiman was not subject to his debts. The deed from Mrs. Koch and her husband to Mr. Bohlmeyer would be effectual to transfer the life estate of Mrs. Koch to Mr. Bohlmeyer, and ineffectual for any other purpose. Mr. Bohlmeyer, therefore, and after him his heirs, were the owners of a life estate for the life of Mathilde Koch, and the decree in this case should have disposed of the issues on that basis. This is substantially what the decree does, except that it declares the deed from Mathilde Koch and her husband to Bohlmeyer to be absolutely void. These plaintiffs were entitled to bring this action under sections 6267, 6268, Rev. St. 1913, to have their title to the particular estate determined, and were entitled to have any conveyances interfering therewith canceled.

It is alleged that the land at the time it was deeded to Mr. Bohlmeyer was incumbered by a mortgage, and that Mr. Bohlmeyer has paid the mortgage in part and renewed it in part, and has also made valuable improvements upon the land. Mr. Bohlmeyer and his heirs are entitled to the use and benefit of this land during the life of Mathilde Koch, and were not required to pay the principal of the mortgage, but it was their duty to pay the taxes and interest on the incumbrance. The rights and liabilities of these respective parties, the one as the owner of the life estate, and the others as the owners of the remainder, are of course, not determined in this action.

The judgment of the district court is therefore modified so as to decree the deed from Mathilde Koch and her husband to Henry Bohlmeyer sufficient to convey the life estate of Mathilde Koch, and to cancel the same so far as it attempts to convey the particular estate of these plaintiffs. In all other respects the decree is affirmed. The costs of this appeal should be paid by the parties incurring the same.

MODIFIED AND AFFIRMED.

LETTON, ROSE and FAWCETT, JJ., not sitting.