STATE, EX REL. HENRY RATERMANN, APPELLEE, V. ANNA W. McCARTNEY, COUNTY SUPERINTENDENT OF BOYD COUNTY, ET AL., APPELLANTS.

FILED APRIL 30, 1931. No. 27694.

W. L. Brennan and John A. Davies, for appellants.

W. T. Wills, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

GOOD, J.

This is a mandamus proceeding brought by relator to compel the county superintendent of Boyd county to transfer the children of relator from school district No. 5 to school district No. 25, for school purposes for the next ensuing year, to see that said children are enumerated in said district No. 25, and to notify the county clerk of the transfer of lands, on which relator resides, to district No. 25 for assessment purposes.

In the alternative writ it is recited that relator resides on a certain quarter section of land in school district No. 5; that he filed with the respondent a notice that he had five children, of school age, who had not completed the eighth grade, which children resided with relator on the described land; that he resides more than one and one-half miles from the schoolhouse in district No. 5 and resides nearer to the schoolhouse in district No. 25 by two-tenths of a mile, and that neither of said districts is a consolidated district; that notice was attested by the signature of a legal voter and taxpayer in district No. 5, and that said application so filed was signed by a majority of the members of the school board of district No. 25 and by the relator; and that respondent has refused to perform the duties enjoined by statute.

Respondent filed a return in which she denied the sufficiency of the notice or application filed, and admitted that she had refused to comply with the request. School district No. 5 obtained leave and intervened, joining with respondent in opposing the writ. After hearing, a peremptory writ was issued. Respondent and intervener appeal.

The transfer of children and property for taxation purposes was sought under the provisions of section 79-2101, Comp. St. 1929. It is argued that said section is unconstitutional and void for various reasons. In view of the conclusion reached on another question, hereinafter considered, we deem it unnecessary to pass upon the question of constitutionality.

Section 79-2101, Comp. St. 1929, so far as applicable to this case, provides: "When children of school age, who have not yet completed the eighth grade, reside with their parents or guardians more than one and one-half miles from the schoolhouse in their own district, and nearer to the schoolhouse in an adjoining district, the distances to be measured by the shortest route possible upon section lines or traveled roads open to the public, such children may have school privileges in the adjoining district instead of in the district of their residence, under the following condition, to wit: The parent or guardian of such children shall, not later than the second Monday in July, notify the county superintendent of each district affected, using such form of notice as the state superintendent shall prescribe, which notice shall state the distance, as herein provided, and shall be attested by the signature of a legal voter and taxpayer of the district in which the children or wards reside, and the signature of a majority of the members of the school board of the district in which such children or wards desire school privileges, in addition to the signature of such parents or guardian; and the county superintendent shall notify the director of each district to transfer such person, together with such children or wards, to such adjoining district for school purposes for the year next ensuing and it shall be the duty of the county superintendent to see that the children or wards are enumerated in the adjoining district and not in the district of their residence. The county superintendent shall notify the county clerk of the transfer, and the county clerk shall be empowered, and it is hereby made his duty, to place the school taxes except for the payment of existing bonds or interest on the same, of the parents or guardians and of the real estate on which they reside, not exceeding a quarter section of land, for the year next ensuing, in the adjoining district instead of in the district of their residence, basing such school taxation upon the levy for school purposes in the adjoining district, and the assessed valuation of the property of such parents or guardians and the real estate as determined by the proper

officers, and the taxes shall be collected as provided by law for the other taxes."

A careful examination of the statute in question makes it clear that, upon compliance with the conditions prescribed by the statute, the duty is enjoined upon the county superintendent to make the transfer of children to an adjoining district, and to notify the county clerk of such action; that when these conditions have been complied with no discretion is vested in the superintendent. The statute provides that certain proof shall be submitted, and, when the prescribed proof is submitted, he is required to act. The statute requires that an application shall be submitted to him which shall be on a form prescribed by the state superintendent, and that this application shall state the facts, as required by the statute, and shall be attested by the signature of the relator and by the signature of a legal voter and taxpayer of the district in which applicant resides, and by the signatures of a majority of the members of the school board of the district to which transfer is desired. All of these parties must attest the truth of the statements in the notice or application. As used in the statute, the word "attest" means: To bear witness to; to affirm to be true or genuine; to vouch for.

The record is silent as to whether the form used in this case was that prescribed by the state superintendent. Moreover, it is not attested by the officers of school district No. 25. We are informed that the trial court took the view that the application need not be attested by a majority of the board of the district to which transfer was sought. The language used will not permit of this construction. Had the statute contemplated a hearing before the county superintendent, doubtless a mere application by the parent or guardian for such transfer, with notice to the districts affected, would have been required, and the county superintendent would then, upon such hearing, have determined the facts and made or refused to make the order, as the circumstances required. Instead, the statute provides for no hearing, but requires certain proofs to be furnished, and that the transfer should be made

only upon a compliance with the conditions. In the instant case, such proof was not furnished. While the application is attested by the relator and by a voter and taxpayer in district No. 5, it is not attested by any of the members of the school board of district No. 25. They do not certify, vouch for, or attest the truth of the statements in the application.

The condition which authorizes the county superintendent to make the transfer has not been complied with. Respondent was not, therefore, authorized, under the application as made, to comply with the request, and properly refused so to do.

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.