THOMAS W. MOFFITT, APPELLEE, v. GERTRUDE D. REED, APPELLANT: VERNETTA MARIE HANSEN ET AL., APPELLEES.

FILED FEBRUARY 17, 1933. No. 28318.

*Gertrude D. Reed, pro se.*

*Walter L. Anderson, H. N. Mattley, Walton B. Roberts* and *Beghtol & Foe, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

Plaintiff brought action to foreclose a tax certificate against 80 acres of land in Lancaster county. All parties having an interest in said 80 acres, so far as plaintiff could ascertain, were made defendants. Several answers and cross-petitions were filed, and trial was had upon June 4, 1931, and upon December 3, 1931, a decree was entered in the district court, finding that $766.56, with 12 per cent. interest, was due the plaintiff on his tax certificate, and the same was decreed to be a first lien. The decree also provided for an attorney's lien of 10 per cent. thereof to Walter L. Anderson. The court allowed

$75 to Walton B. Roberts as guardian *ad litem*, to be taxed as part of the plaintiff's costs. All of the claims of Cora O. Berge and H. N. Mattley, cross-petitioners, were dismissed. The possession of the property was continued in receivership until after sale by the sheriff. The decree found that Gertrude D. Reed had a life estate in the property, and directed that the property be sold and the proceeds applied in the manner set out in the decree. The pleadings in the case are exceedingly voluminous, and it is impossible in this opinion to set out but a very brief summary of them.

The plaintiff, Thomas W. Moffitt, in the fourth cause of action of his petition, alleges that he purchased a tax certificate upon the east half of the southeast quarter of section 15, township 8, range 8, in Lancaster county, Nebraska, for delinquent taxes for the year 1924, amounting to $57.25, and thereafter paid as subsequent delinquent taxes to said certificate, for 1925, $61.88; for 1926, $58.91; for 1927, $78.03; and upon June 5, 1929, paid the delinquent taxes for 1928, of $143, and upon May 20, 1930, paid the delinquent taxes for 1929, of $148.70. Plaintiff then sets out that Charles Monk and wife were the tenants in actual possession of the property, and that Gertrude D. Reed, Gertrude Reed, assignee, William D. Way, Victor C. Rasmussen, Zella Rasmussen, Vernetta Marie Rasmussen, Emma Lois Rasmussen, Merle Warren Rasmussen, Victor Reid Rasmussen, H. N. Mattley et al. all claim some interest in said real estate.

Plaintiff further alleged that Mary Rasmussen in her lifetime was the owner of the property, and that, as her estate was being probated in Lancaster county, he was unable to ascertain the interests or rights of her respective heirs. That H. N. Mattley and George W. Berge were the attorneys in said estate proceedings, and have a claim for their fees therein; that Zella Rasmussen has now remarried, and her present husband's name is Wayne Rogers. Plaintiff asks for an accounting, and that his tax lien be declared a first lien against said property, and

for other relief. Upon December 12, 1930, Walton B. Roberts was appointed guardian *ad litem* for the three minor defendants, each over the age of 14 years.

Upon February 10, 1931, Gertrude D. Reed filed her answer to plaintiff's petition, and a cross-petition against all other defendants, and alleged among other things that Mary Rasmussen was during her lifetime the owner in fee simple of the 80 acres of land hereinabove described, and the said Mary Rasmussen died on March 10, 1910, leaving a last will, in which, in the second paragraph thereof, she devised the said 80 acres to her husband, Lars Rasmussen. Other paragraphs of said will are set out as follows:

"Third. After the death of my beloved husband, I desire that the above described farm become the property of my beloved son, Victor C. Rasmussen.

"Fourth. The widow of Victor C. Rasmussen, Zella Rasmussen, is to have the use of the above described farm so long as she shall remain single and his widow.

"Fifth. At the death of the widow, Zella Rasmussen, the heirs shall sell the farm above described and divide the proceeds of the sale equally between them."

Cross-petitioner states that Lars Rasmussen died December 23, 1916, intestate, and alleges that the county court of Lancaster county determined that Victor C. Rasmussen was the only heir at law of Lars Rasmussen, and inherited said land in fee simple from his father. She further alleges that on May 17, 1923, execution was issued upon two judgments against said Victor C. Rasmussen, and the sheriff of Lancaster county levied on said land, and at the sheriff's sale thereon the cross-petitioner, Gertrude D. Reed, purchased the same, and sheriff's deeds were delivered to her and recorded October 10, 1923, and claims that she thereby became, and is now, the fee owner of said land, and took possession thereof on July 14, 1923. Cross-petitioner further sets out that Zella Rasmussen, now Zella Rogers, claims some interest in said land by reason of the said fourth paragraph of

the will of Mary Rasmussen, and that said claim casts a cloud upon the title, which should be removed; that the children of Victor C. Rasmussen and his first wife, Zella Rasmussen, claim some right in said property under the fifth paragraph of said will, by reason of being the "heirs" of Mary Rasmussen, but Miss Reed alleges that the fifth paragraph of said will is void, and asks to have the cloud cast by the claims of such heirs removed. The cross-petitioner alleges that certain defendants claim an interest in said land by reason of a pretended judgment rendered May 8, 1926, in the district court for Lancaster county in the case of Gertrude D. Reed v. Victor C. Rasmussen et al., and claims that the court was without jurisdiction and the same is void, and subjects the title to the land in question to constant litigation by each and every grandchild or great-grandchild who makes a claim thereto, and prays that the pretended judgment which casts a cloud upon her title be removed. Cross-petitioner insists that the interests of all other defendants in this case are junior and inferior to her rights, and asks that the title of said 80 acres be forever quieted in her, subject only to the taxes that are lawfully levied and assessed against the land.

For answer to plaintiff's petition, she specifically denies that the taxes levied for school purposes for the years 1929, 1930 and 1931 were lawfully levied or assessed against said land. She alleges that Charles Monk, who was the tenant thereon, without her authority or knowledge made application for the transfer of 40 acres of her land from school district 116 to district 8; that said application showed upon its face that none of the several provisions in section 79-2101, Comp. St. 1929, were fulfilled or complied with, and that such application for transfer was void, and that plaintiff has notice of the defects of the levy and assessment of said school taxes. She further alleges that, acting upon said application, said transfer was made of 40 acres of her land, and without authority of law the taxing officers reappraised the

40 which they had transferred at $5,000, while the 40 that remained in district 116 was appraised at $3,500, which increased her taxes illegally by about $75 per annum.

To this answer the transcript shows no reply filed by the plaintiff, although replies are filed by Vernetta Marie Hansen, Emma Lois Ryan, Merle Warren Rasmussen, Victor Reid Rasmussen, Walton B. Roberts, guardian *ad litem.* That in the answer and cross-petition of Hansen and Ryan against Reed, she is charged with having sold a portion of said premises to the state of Nebraska for $210 for highway purposes, and that a judgment should be entered against her therefor, and, in addition, for $500 damages for this and other waste committed thereon.

This appeal was prosecuted in this court by Gertrude D. Reed, who was allowed extra time for oral argument, and who has been permitted to file five separate briefs herein. For reasons of her own, she has separately briefed and argued her contentions against the plaintiff and against the other cross-petitioners. However, the decree of the district court covered all the separate contentions in one journal entry, and this opinion will discuss briefly each of her contentions, as far as the same can be done within the reasonable limits of an opinion.

The case at bar first appeared before this court when some of the cross-appellants failed to file their transcripts within three months. Gertrude D. Reed, a cross-appellant, filed a motion to strike, and, upon argument and submission, this motion was sustained. *Moffitt v. Reed,* 123 Neb. 420.

1. The first error relied upon for the reversal of this case by Miss Reed is that this court erred in holding in the former case of *Reed v. Rasmussen* (No. 25592, no opinion) that the decree of the district court was right in finding that she was only entitled to a life interest in this 80 acres of land and the fee title was in the heirs who are remaindermen under the will of Mary Rasmussen.

It appears that the appellant, Gertrude D. Reed, pro-

cured her life estate to this 80-acre farm in the following manner: That upon December 11, 1913, C. W. Eggleston & Company recovered a judgment against Victor C. Rasmussen in the sum of $51.74 and costs, which judgment, being subsequently revived in the district court, amounted on January 27, 1920, to $86.48 and costs, which thereupon became a lien against the life estate of Victor C. Rasmussen. That upon February 9, 1921, Orvil D. Hendee recovered a judgment against said Rasmussen in the sum of $508.90 and costs, which, upon being transcripted to the district court, likewise became a lien on said life estate, and that both of said judgments were sold and assigned to the appellant, Gertrude D. Reed, and that, in attempting to sell said life estate, the said Victor C. Rasmussen set up a homestead interest in said life estate as exempt from execution, and about May 31, 1921, deeded his life estate to his wife, Zella Rasmussen, who paid him nothing therefor. That later on the appellant, Gertrude D. Reed, had the same executions levied upon the life estate of said Victor C. Rasmussen, and no objection being made to the sale by the said Zella Rasmussen, who made no appearance, the said Gertrude D. Reed was given a sheriff's deed for said life estate upon October 10, 1923, which conveyed to her the whole of said life estate in excess of the homestead interest which had been acquired by one Way.

The case of Gertrude D. Reed v. Victor C. Rasmussen and others was tried before Frederick E. Shepherd, J. H. Broady and Mason Wheeler, district judges, sitting in *banc*, and she claims this decree was void for lack of jurisdiction, and she now attempts to have that decree set aside in this action. It is found that the decree entered by these three district judges was adverse to the claims of the cross-petitioner, in that it found that Victor C. Rasmussen did not have a fee title to said estate, but had a life estate therein after the death of his father, with the remainder to certain heirs; and, further, that Zella Rasmussen obtained a divorce from Victor C. Ras-

mussen in Independence, Missouri, in 1924, and that, because of said divorce, she took nothing under the will of Mary Rasmussen. That by reason of the execution issued on two judgments against Victor C. Rasmussen, and levied upon his interest in the land, the cross-petitioner, Gertrude D. Reed, acquired by the sheriff's deed a good and sufficient title to Victor C. Rasmussen's life interest in the land, and no more, and that the execution said cross-petitioner caused to be issued in 1925, under which the land was again sold to her, and conveyed by sheriff's deed, was also ineffectual to vest in her a fee interest in said land, as she had no process upon the children of Victor C. Rasmussen, and no guardian *ad litem* had been appointed for them, and that the cross-petitioner herein had recognized the will of Mary Rasmussen as devising only a life estate to Victor C. Rasmussen by pleading that she purchased a life estate therein, and it was held in said decree that because of her acts she is estopped to plead a construction of Mary Rasmussen's will whereby the children of Victor C. Rasmussen take nothing under the fifth paragraph of said will. This decree, entered by three district judges, was appealed to this court by Gertrude D. Reed, and became case No. 25592. In said appeal the present cross-petitioner set up many alleged errors against the decree entered by the three district judges, and the same was contested and briefs filed, and the case argued and submitted to this court, and upon March 26, 1928, the decree of the district court was affirmed without an opinion, and upon May 18, 1928, the motion for rehearing was overruled and the mandate was duly issued.

The cross-petitioner insists repeatedly, in her briefs filed in the case at bar, as well as in oral argument, that this court now set aside its former decision, and decree that she has a fee in this property, and cites us to the case of *Myers v. Myers,* 109 Neb. 230, which holds that, by the rule in Shelley's case, the word "heirs" is to be taken as a word of limitation, and that she has become

vested with a fee through the title of Victor C. Rasmussen.

She also calls our attention to the rule established in *Grandjean v. Beyl,* 78 Neb. 354, holding that, when a former decision of this court has established a rule of property which has been relied upon for many years, the court will not overturn such rule, although it cannot assent to the reasoning upon which it is based, and sets out in her brief that titles depend largely upon previous decision, and frequent changes in interpretation or construction of legal principles would jeopardize titles to real estate, and that when courts of last resort have announced principles affecting real estate such decisions should not be overruled or reversed except by legislative powers of the state, and cites cases holding that, where courts vacillate, and overrule their own decision, or the construction of statutes affecting real estate, titles to property may be injuriously affected, and insists that the former decision of this court, entered by three district judges in Lancaster county, annihilated the rules of property in this state for the purpose of defeating the cross-petitioner's lawful title, and that the district court went far beyond its powers to give the fee title to the heirs, and that the judgment then rendered was void.

It is clear from her argument that this same question, as to whether Miss Reed had a life estate or a fee in this same property, was litigated between these same cross-appellants in this former case, and it is not a case where the court in the former case refused to determine the matter. *Ryan v. Bullion,* 100 Neb. 705. But it was discussed in the briefs and decided in the opinion. A judgment or decree acts as an absolute bar to a subsequent action based upon the same contention, not only as to every matter offered to sustain or defeat such contention, but also as to any other admissible matter which might have been offered for that purpose. *Omaha Road Equipment Co. v. Thurston County,* 122 Neb. 35; *School District D v. School District No. 80,* 112 Neb. 867. And

such a judgment is for all time, unless reversed or modified, binding upon the same parties. *State v. Broatch,* 68 Neb. 687. And this is true even though the second suit is upon a different cause of action. *Turner v. Columbia Fire Ins. Co.,* 96 Neb. 98.

2. Several defendants, and also the guardian *ad litem,* in their replies to the cross-petition of Gertrude D. Reed contend that, because she only acquired the life estate of Victor C. Rasmussen, it was her duty to pay all of the taxes upon this property, and that, having failed so to do, she had thereby wilfully committed waste; that, in failing to keep the buildings in fair condition, and permitting them to go into decay, and in collecting something over $2,500 rent, and refusing to spend anything upon the upkeep of the property, save and except her small expense in shingling the house and making other betterments on the property, she has thereby forfeited her right to a life estate therein.

Cross-appellants, Vernetta Marie Hansen et al., insist that the court erred in decreeing the failure of the life tenant to pay taxes did not constitute waste, and insist that, as the said Gertrude D. Reed conveyed to the state approximately an acre of ground for a highway, for which she received some $210, this conveyance of a portion of the premises entitled the cross-appellants to a judgment against Gertrude D. Reed for the amount received by her for said road, and insist that a life tenant may not keep and use money derived from waste, as to do so would reward the life tenant for wrong-doing.

This is a very interesting point. The state of Nebraska desired to cut in on one corner of this farm to round out a turn in a highway, and it appears that the appellant, Reed, attempted to convey about one acre of land to the state, yet the possession of the state of this land for a road is not adverse to the remaindermen until the termination of the life estate, even though the life tenant conveyed the same by fee title. She did not thereby forfeit her life estate in the remainder of said premises,

and as she was entitled to the proceeds of said acre of ground so long as she was the life tenant, the remaindermen are not entitled to the $210 proceeds for the conveyance of said acre of ground for the road, for the remaindermen have no right of possession thereof until the life estate is terminated. The conveyance of the life estate in a certain tract of land by the life tenant conveys to the grantee such estate as the life tenant holds, and for such conveyance the remaindermen cannot ordinarily declare and enforce a forfeiture of the life estate, as the rights of the remaindermen are not usually affected thereby. *Bohrer v. Davis,* 94 Neb. 367, L. R. A. 1918D, 430, with notes; 3 Neb. Law Bulletin, 398; *Maurer v. Reifschneider,* 89 Neb. 673. Nor did the life tenant become indebted to the remaindermen for said $210, as her conveyance was ineffectual to convey the fee of the remaindermen.

The remaindermen further allege that Victor C. Rasmussen, through whom the defendant Gertrude D. Reed secured her life estate, is about 50 years of age, and that the life estate will not lapse or determine until the death of said Rasmussen, and that said real estate is worth the fair and reasonable value of $12,000, and asked that a receiver be appointed to take charge of the premises. A special appearance was filed by said Reed and overruled, and a motion for security for costs was also overruled. Upon February 17, 1931, William Holt was appointed receiver for said premises, giving a bond in the sum of $1,000 to the defendant Gertrude D. Reed, conditioned according to law. We have examined the proceedings resulting in the receivership, and the objections thereto, and see no error therein.

3. The cross-petitioner attacks with vigor the proceedings leading up to the transfer of the south 40 acres into the Bennett consolidated school district, being school district No. 8, and out of school district No. 116, in which the entire 80-acre tract had been for many years. In her answer to plaintiff's petition she denies each and

every allegation therein, and particularly attacks the taxes assessed against her property for certain years, charging that they are entirely void for that Charles Monk, her tenant, without any authority or notice to her, and without her knowledge, made application in 1928 and transferred 40 acres of her land into another school district, and insists that this transfer was illegal and not in compliance with section 79-2101, Comp. St. 1929, which cross-appellant insists does not authorize a tenant to make application for such transfer. The evidence discloses that C. H. Monk, the tenant, made application on the regular printed form for such purposes, under date of May 2, 1928, to the county superintendent of public instruction to transfer the southeast *half* of the southeast quarter of section 15, township 8, range 8, in Lancaster county, which description is an error, and was doubtless intended to be for the southeast quarter of the southeast quarter. Exhibit No. 50 certified that C. H. Monk resided just one and a half miles from the schoolhouse in district No. 116, and that he resided exactly the same distance from the schoolhouse in district No. 8, to which he wished to be transferred, and made no claim to being the owner of the land, and stated that the land was owned by the Rasmussen estate. Section 79-2101 requires that the person making application must reside *more* than one and a half miles from the schoolhouse in his own district, and, second, that the applicant must reside *nearer* to the schoolhouse in the adjoining district to which he desires to be transferred. That, in spite of these absolutely necessary conditions and requirements being lacking from the application, the south 40 acres of this tract of land was at once transferred by the county authorities out of district No. 116 and into district No. 8, the Bennett consolidated school. The county superintendent, J. J. Correll, testified that the distance from the Monk residence to the schoolhouse in district 116 was just one and a half miles, the schoolhouse in district 116 being on section 16, the adjoining section to the west, and also testified that the dis-

tance from 40 acres transferred into district No. 8 to the schoolhouse in that district was two and a quarter miles directly north. It clearly appears from the testimony in the case that the dwelling-house and farm buildings are in the northeast corner of the north 40 of this land, with the private driveway running from the buildings east, and that therefore, by the erroneous description in the application, the southeast quarter of the southeast quarter, being the 40 acres transferred into district No. 8, had no improvements whatever upon it, and was not the land upon which the applicant lived, and that the 40 acres upon which the buildings, including the dwelling-house, were located remained in district No. 116, while his children attended school in district No. 8.

Examining the exhibits further, it is found that exhibit No. 32 is the tax receipt purchased by the plaintiff for the taxes for 1927. This exhibit shows that the whole tract was assessed for school taxes in district 116, and that the school taxes amounted to $30.60 upon the entire 80 acres for that year.

Exhibit No. 33 is the tax receipt issued to plaintiff for the taxes for the year 1928 upon this land, and shows that the school taxes upon the southeast quarter of the southeast quarter, being the 40 acres transferred into school district No. 8, had a valuation of $5,000, which made the taxes $94.50, and that the other 39.2 acres, upon which he resided, remained in district 116, the deduction of 8/10 of an acre being doubtless for the state highway, and the taxes upon the 40 acres upon which he resided were but $14 upon a valuation of $3,500, so that while the application, exhibit No. 50, to transfer 40 acres was only signed up on May 2, 1928, the taxing authorities made the transfer effective for taxes for the entire year of 1928.

Exhibit No. 34 is the tax receipt purchased by the plaintiff for the taxes assessed for the year 1929, and shows the same valuations, and that the taxes in district No. 8 were $99 and the taxes in district No. 116 were still but $14.

Cross-appellant insists that no person except landowners may make application for this transfer. There is some doubt as to just who are the "owners" of a tract of land. This court has held that this term has no exact technical meaning, but, as used in the law, has generally been treated as including all persons having a claim or interest in the property, although the same might fall far short of absolute ownership. *Board of Commissioners v. North-western Mutual Life Ins. Co.,* 114 Neb. 596; *Graf v. State,* 118 Neb. 485.

In *Ure v. Reichenberg,* 63 Neb. 899, it says: "Under such circumstances the legislature has seen fit to relieve the holder of the tax certificate of the necessity, in the first instance, of setting out in his pleadings and producing the assessment rolls and other evidence to prove the liability of the property to taxation, and the regularity of all the proceedings, as he would be required to do to establish a tax title at common law. It is not a hardship upon the property owner to require him to show the reason, if he has any, for his supposed delinquency. If the property was not liable to taxation, or if for any other reason the tax is not a lien thereon, he may avail himself of that defense by proper pleadings and proof."

By statute, section 77-2040, Comp. St. 1929, tax certificates are foreclosed in the same manner as real estate mortgages. The tax certificate is considered to be the same as a mortgage executed by the owner upon his real estate to the holder of such tax certificate, and it is *prima facie* evidence of all proceedings prior thereto, as well as that the land is liable to taxation, and in the case last cited it is said: "In an action to foreclose upon a tax sale certificate, if the land was not liable to taxation for the taxes represented by the certificate, or subsequently paid, such defense would be analagous to the defense of want of consideration in the foreclosure of a mortgage. * * * When the defendant has introduced evidence overcoming this presumption, the plaintiff must furnish other evidence. The burden of proof is upon the plaintiff

throughout to establish his case by preponderance of the evidence. The certificates and receipts are sufficient for that purpose if no other evidence is offered."

In the case of *Darr v. Wisner,* 63 Neb. 305, syllabus 2 states: "Where the levy and assessment are disputed by the pleadings, the presentation of a tax receipt alone does not raise any presumption in favor of the regularity of the assessment or levy of the taxes for which it calls," and cites the case of *Adams v. Osgood,* 55 Neb. 766, holding: "A tax receipt is not sufficient to establish the fact of the levy or assessment of taxes when such levy or assessment is disputed in the pleadings."

In the case of *Grant v. Bartholomew,* 57 Neb. 673, the opinion and the dissenting opinion covering some 30 pages, the defendant in a tax foreclosure set up that the real estate was assessed to a dead man, and therefore void, and that the board of county commissioners, sitting as a board of equalization, raised the assessment without notice to the landowner for the taxes of several different years, and made a number of other objections to the validity of the taxes. It was held that the action of the county board of equalization, raising the values placed upon real estate without notice to the landowner, was a nullity, but that only so much of the tax as arose out of the difference between the valuation placed thereon by the assessor and the value to which it was attempted to be raised by the board of equalization was illegal, and sets out that it is the theory of our revenue law that a purchaser of real estate at a sale thereof made for delinquent taxes shall not lose his money, and that the county is to reimburse the purchaser for any money paid by him if no tax was legally due upon the land so sold. On the rehearing of this case, found in 58 Neb. 839, it is said that the party seeking the foreclosure of a lien for taxes has the burden of establishing their validity, and that there was a failure of proof to show a compliance with stated statutory prerequisites to the assessments and levies.

When the tax is void, either because the person assessed was not subject to taxation, or because it was assessed for an unlawful purpose, or without compliance with provisions of law imposed, it can be recovered back or treated as void in proceedings to enforce payment of tax. 26 R. C. L. 452, sec. 408, citing *McLean v. Jephson,* 123 N. Y. 142, 9 L. R. A. 493.

In *Medland v. Connell,* 57 Neb. 10, being a suit to foreclose a tax lien, the defense that the levy for county purposes exceeded the constitutional limit is not available unless raised by suitable averments in the answer. In this case the final paragraph reads: "The authorities of a city of the metropolitan class possess no power to levy a special tax for street improvement until, as a board of equalization, it has determined the amount to be assessed against the real estate as benefits. Counsel for plaintiff concede the invalidity of these special taxes. The decree is reversed and the cause is remanded to the district court, with directions to render a decree for the plaintiff for the amount of all taxes paid by him on the real estate and interest, excepting the special taxes aforesaid."

Section 79-2101, Comp. St. 1929, was before this court in the case of *State v. McCartney,* 121 Neb. 153. In this case it was held that, to authorize the transfer of children from one district to an adjoining district, strict compliance with the conditions described by said section must be shown, one of these conditions being that the application must show that the children reside with their parents *more* than one and a half miles from the schoolhouse in their own district, and nearer to the schoolhouse in the adjoining district. The intention of the legislature was that they must live nearer to the schoolhouse in the district to which they are to be removed. In exhibit 50, introduced in evidence by Gertrude D. Reed, it is clearly shown that C. H. Monk, in his application to the county superintendent, stated that his residence was just one and a half miles from the schoolhouse in his home district, and that the distance of his residence from the school-

house in district 8 was also just one and a half miles. The evidence supporting the contentions of cross-appellant's answer indicates that the statute was violated in at least two particulars, and the application is void.

In accordance herewith, the judgment and decree of the district court is affirmed, except as to the taxes of school district No. 8. Guardian *ad litem* fee in this court is fixed at $25. The cause is remanded to the district court, with directions to modify the decree and award to the plaintiff the full amount of the taxes paid by him on said real estate, with interest, excepting therefrom the excess amount illegally levied and assessed for school district No. 8. Each party to pay his own costs.

AFFIRMED AS MODIFIED.