BLANCHE MCMANUS, APPELLEE, V. LENA FARRELL, APPEL-
LANT: BESSIE JENKS ET AL., APPELLEES.

FILED JANUARY 2, 1936. No. 29379.

*Lanigan & Lanigan* and *Thomas F. Colfer,* for appellant.

*Davis & Vogeltanz, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

PER CURIAM.

This is an action in partition, brought by the plaintiff, a
daughter of George Farrell, deceased, against Lena Farrell,
widow, and the two sisters and two brothers of the plaintiff
and their respective spouses.

George Farrell died at his home in Greeley county, Ne-
braska, November 25, 1929. His last will was duly pro-
bated in the county court of Greeley county. The defend-

ant, Lena Farrell, was the second wife of George Farrell, and married him in 1909, and is not the mother of any of his five children. Lena Farrell and her husband resided on the southwest quarter of section 15-17-12 in Greeley county, Nebraska, as their homestead, and she has continued to reside there since his death. S. T. Grohosky, executor under said will, filed his final account and petition for settlement January 14, 1931.

In the petition for partition in the case at bar, it is set out that the 160-acre homestead was owned by the late George Farrell, and that his widow did not elect to take under the statute, but elected to take under the provisions of his last will and testament; that on January 30, 1930, all parties interested in said real estate entered into a written agreement, whereby the widow received all of the personal property together with all of the rents up to March 1, 1931, upon the 160 acres of land now claimed by her as a homestead, and in consideration thereof waived any statutory right or claim, and agreed to take under the will; that said agreement was duly filed in the county court of Greeley county in the estate proceedings.

A final decree of distribution was entered in the county court on February 19, 1931, which approved the agreement and set it out as a part of the final decree. The title to said real estate now claimed as a homestead was duly vested by the county court in said final decree in the widow and the three daughters, an undivided one-fourth interest therein going to each of said four parties, as provided in the will, and further vested certain personal property in the widow, together with all of the rentals for the year ending March 1, 1931, and said will and final decree are still in full force and effect.

The plaintiff charges that since March 1, 1931, the widow has remained upon said premises, and has assumed the exclusive handling of said real estate, without authorization from the other owners thereof, and has retained a portion of said real estate without paying any rental therefor, and has not accounted for the rentals for the years 1932 and

1933, and the prayer of said petition was for a judgment and decree confirming the shares of the parties and for a partition of the real estate according to their respective rights, and for the appointment of a referee to collect the rentals now in default, and that the widow be enjoined from selling, disposing, or encumbering her interest in said real estate.

The widow, for answer to the petition, admits that the late George Farrell was the owner and in possession of the homestead, and that his will was probated, and that she is his widow; admits that she accepted the provisions made for her in said last will, and waived the right to file a deed of election to take under the law; admits that she entered into the agreement marked exhibit C; admits that the decree of distribution was entered in the estate of the late George Farrell; admits that she has been looking after the said homestead property since March 1, 1931, and has retained possession thereof and has leased the same. She alleges that she has at all times claimed the homestead right in the home quarter, and that she has never abandoned, released, conveyed, or otherwise waived or surrendered her homestead right therein; that the plaintiff has no right to maintain an action for partition and sale of the homestead, and that she protests and objects to the partition thereof. Defendant also shows total receipts from 1931 to 1934 of $1,308.35 and total disbursements of $1,060.17, and alleges that she now holds a balance on hand of $248.18. She further charges that, on account of the depressed values of real estate, it would be unjust to order a partition, as it would be impossible to realize a fair value thereof, and asks that the relief be denied, and that she be decreed to have a homestead right in and to the quarter-section of land hereinabove described, without regard to its value, for the reason that the deceased left no debts. *Meisner v. Hill*, 92 Neb. 435, 138 N. W. 583.

By agreement of parties, the trial of said partition action was had in the district courtroom at Ord, Valley county, Nebraska, on May 28, 1934, before the late Ralph R. Horth,

district judge, and a judgment in partition was duly entered on July 11, 1934, finding that George Farrell was the owner and in possession of certain lands at the time of his death; that the widow was his second wife, and not the mother of his children; that she did not elect to take under the statute, but elected to take under the provisions of his last will; that all of the interested parties entered into an agreement on January 30, 1930, wherein the widow received certain items of personal property and one-fourth of the rental of the homestead quarter-section until March 1, 1931, the other three-fourths going to the three daughters, and in consideration thereof the widow duly waived certain statutory rights or claims.

It was further provided in said judgment in partition that said homestead had been vested by the final decree of the county court in the widow and the three daughters, share and share alike. It was further provided in said judgment in the district court that, by accepting the provisions and benefits of said agreement and all of the provisions made for her under the will which she had elected to take thereunder without any reservation of a claim of homestead, and because of other evidence introduced at the trial, said widow had waived any and all claim to a homestead in and to any of the real estate, and directed partition of the property, for which purpose James M. Lanigan and E. L. Vogeltanz were duly appointed referees to make partition of said real estate, and it was provided that the balance of $248.18, remaining on hand of the rentals collected, should be divided one-fourth to each of the owners of said property.

The appellant prosecutes her appeal to this court from that portion of the judgment in partition finding that she waived her homestead right in said real estate, and sets out that the trial judge erred in finding that she had relinquished, released, conveyed, abandoned, or waived her homestead right; that said widow was vested with a homestead right in said real estate, and that there was no specific waiver of said right in the agreement entered into

between the parties, nor in the decree on final account in the county court, and insists that there can be no such thing as an implied waiver of a homestead right under section 40-117, Comp. St. 1929, which provides for such homestead right.

In the agreement signed by the parties January 30, 1930, it is clearly stated that the widow would have been entitled under the laws of descent to an undivided one-fourth interest in both the real and personal property of the deceased, and also to a homestead right in the home quarter-section; "that as such surviving widow the said Lena Farrell may, under the laws of the state of Nebraska, reject the terms and provisions of said last will and testament and elect to take under the law instead of under said will."

This agreement which the widow signed then gives a detailed list of all the horses, cows, hogs, corn, oats, barley, wheat, one Buick car, etc., belonging to said estate, and gives it all to the widow instead of only a one-fourth part thereof, and then follows this paragraph:

"The party of the first part agrees to and hereby does accept the provisions made for her in the last will and testament of George Farrell, deceased, and hereby waives the right to file a deed of election to take under the law instead of under the will."

It appears that controversies had arisen between the heirs, and that the widow and children desired to settle such differences; the children's three-quarters share in the personal property was given to the widow and she gave up the homestead right in the home place.

The county court in its final decree followed the terms of the agreement signed by all the parties, and in accordance therewith passed title to the real estate, making no reservation of a homestead right in the widow. The county court had the jurisdiction to assign to her homestead rights in this property, and she took no appeal from its final decree. *Tyson v. Tyson*, 71 Neb. 438, 98 N. W. 1076; 34 C. J. 759; 15 R. C. L. 996, sec. 471.

Equitable conduct requires that one should make timely

assertion of his rights against another who he knows may be acting in innocence of his claim. *Criswell v. Criswell,* 101 Neb. 349, 163 N. W. 302. Courts of equity have inherent power to refuse relief when not to do so would work injustice in the particular case. *Folz v. Maxwell,* 100 Neb. 713, 161 N. W. 254.

Upon appeal to the district court, the finding of that court was that the widow, by electing in the agreement to take under the will, without any reservation of a claim of a homestead, and because of other evidence introduced, had waived all claim to a homestead right.

The law of homestead is wholly the creature of statute, and originated in Texas, and is called an American institution, according to an article in 3 Neb. Law Bulletin, 109, by Dean Foster. In chapter 7 of the same article, p. 402, it sets out that the homestead rights may be abandoned, and that there are also other methods of terminating homestead rights, and discusses its forfeiture under the specific terms of section 40-117, Comp. St. 1929, in case the surviving spouse wilfully failed to provide a home for the minor children, or by election to partition the homestead. It is also true that the homestead rights may be waived, and are extinguished by transfer of the homestead property.

Section 30-101, Comp. St. 1929, provides for homestead rights in real estate "which has not been lawfully devised." Where a widow, in a written agreement which she enters into with the heirs, accepts valuable property rights, in addition to all the provisions made for her in the will of her deceased husband, she has, under the special facts proved in this case, waived her right to claim a homestead interest in addition thereto.

In *Godman v. Converse,* 43 Neb. 463, 61 N. W. 756, it was held: "One who accepts benefits under a will must, as a rule, conform to all of its provisions and renounce every right inconsistent therewith."

The rights of the widow and heirs under the agreement they signed are clear, and provided definitely that she would not claim any homestead right. The county court

followed this finding in its decree, as did the district court. Finding no error in the record, the decree is hereby

AFFIRMED.