CHRYSTEL A. FISHER, APPELLANT, V. JOHN J. PEDEN ET AL., APPELLEES.

137 N. W. 2d 349

Filed October 8, 1965.   No. 35955.

Murphy, Pederson & Piccolo, for appellant.

Smith Brothers, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a suit for the partition of a quarter section of land in Dawson County, more specifically described in the judgment of the trial court.  The trial court found that there was a life estate in existence in the land and that the owner thereof objected to its partition.  The petition was thereupon dismissed.  Plaintiff has appealed.

The evidence shows that William S. Peden died in-

testate on December 22, 1959, seized of the quarter section of land here involved. He was survived by his wife, Emily L. Peden, and two adult children, John J. Peden and Chrystel A. Fisher. The land descended in accordance with the intestacy laws of this state, an undivided one-third interest in Emily L. Peden, John J. Peden, and Chrystel A. Fisher, subject to the life estate of Emily L. Peden. Emily L. Peden and William S. Peden had lived on the land for many years prior to the latter's death. Emily L. Peden continued thereafter to live on the land and was residing on it at the time this suit was brought. The land was farmed by John J. Peden, who paid the landlord's share of the crop each year to Emily L. Peden.

On April 14, 1961, Emily L. Peden executed a warranty deed to the land to John J. Peden, Lucille M. Peden, and Emily L. Peden as joint tenants and not as tenants in common with rights of survivorship. After describing the land the deed provided: "* * * together with all the tenements, hereditaments and appurtenances to the same belonging, and all the estate, title, dower, right of homestead, claim or demand whatsoever of the said grantor, of, in or to the same, or any part thereof, subject to taxes of record. It being the intention of all parties hereto, that in the event of the death of either of said grantees, the entire fee simple title to the real estate described herein shall vest in the surviving grantee."

It is the contention of the plaintiff that the aforesaid deed has the effect of terminating the life estate of Emily L. Peden. In a discussion of this question we point out at the outset that there has been no forfeiture of the homestead life estate of Emily L. Peden, as provided by section 40-117, R. R. S. 1943. The primary question is whether or not such life estate was terminated by the deed.

It is a fundamental rule of law in this state that when there is an outstanding life estate, a remainderman can-

not maintain an action for partition of real estate over the objection of the holder of the life estate. Wedding-feld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227; Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485; Bodeman v. Cary, 152 Neb. 506, 41 N. W. 2d 797.

In this state, a homestead life estate may be conveyed to another person, and such conveyance neither destroys nor terminates such life estate and the grantee of said homestead life estate has a life estate in the property during the life of the original grantor. Naiman v. Bohl-meyer, 97 Neb. 551, 150 N. W. 829; Moffitt v. Reed, 124 Neb. 410, 246 N. W. 853; McManus v. Farrell, 130 Neb. 69, 264 N. W. 144. In the last-cited case the plaintiff re-lies heavily on the following from that opinion: "It is also true that the homestead rights may be waived, and are extinguished by transfer of the homestead prop-erty." We point out that a homestead life estate may be conveyed by the life tenant. While the grantee there-after has a life estate in the property during the life of the original life tenant, its incidents are those of the ordinary life estate. The conveyance of the homestead life estate divests it of those qualities that grow out of the homestead rights of the homestead life tenant. The quoted language from the McManus case sustains this point and does not hold that the life estate itself is ter-minated or destroyed by the conveyance. This is made abundantly clear in the Naiman case as follows: "The land having been the homestead of Mr. Naiman was not subject to his debts. The deed from Mrs. Koch (nee Mrs. Naiman) and her husband to Mr. Bohlmeyer would be effectual to transfer the life estate of Mrs. Koch to Mr. Bohlmeyer, and ineffectual for any other purpose."

The contention of the plaintiff is that the deed by Emily L. Peden conveying her life estate to herself, her son John, and her son's wife in joint tenancy, extin-guished the life tenancy. This could occur in case of a merger of the life estate and the remainder interest.

But in the instant case there can be no merger of title because the plaintiff has acquired no interest in the life estate and Lucille M. Peden had no remainder interest prior to the giving of the deed. Under such a situation there can be no merger of the life estate and remainder interest. The general rule is: "To constitute a merger, it is necessary that the two estates be in one and the same person, at one and the same time, and in one and the same right." 19 Am. Jur., Estates, § 135, p. 588. See, also, Moffitt v. Reed, *supra.*

Since there was no merger of title there is an existing life estate. It makes no difference whether the life estate is in Emily L. Peden or John J. Peden, Lucille M. Peden, and Emily L. Peden as joint tenants, a partition cannot be had over the objection of the owners of the life estate.

It is the contention of the plaintiff that even though the life estate of a surviving spouse may be freely conveyed or encumbered, the adoption of section 40-117, R. R. S. 1943, creates a limited or conditional life estate dependent upon the acts of the surviving spouse, and an election of such spouse to transfer or partition the land results in the termination of the life estate at the instant the spouse filed his petition for partition or transfers the title to it. It is true, of course, that the filing of a petition for partition by the holder of a life estate terminates the life estate and the homestead premises descend as other real estate of the deceased, all in accordance with section 40-117, R. R. S. 1943. In Metzger v. Metzger, 108 Neb. 613, 188 N. W. 229, this court said: "The right of homestead rests purely upon statutory provisions, and is held subject to such conditions and limitations as the legislature may impose. By the act in question it is clear that the legislature intended that, when the surviving spouse elects to partition the homestead premises, the homestead right becomes thereby forfeited, and the premises descend as other real property of which the deceased died seized."

It is by statute that the life estate is lost when the life tenant elects to partition the homestead premises.

But the statute, section 40-117, R. R. S. 1943, does not provide that a life estate is forfeited or terminated by a conveyance of the property. Plaintiff's counsel argues rather ingeniously that the rule is the same when the life tenant elects to convey as when he elects to partition the land. The result of an election by the life tenant to partition the real estate is specifically fixed by section 40-117, R. R. S. 1943, but his right to convey or mortgage his life estate to another without terminating the life estate remains unfettered. The Legislature specifically provided in section 40-117, R. R. S. 1943, when a life estate is or may be terminated. The conveyance of the real property covered by the life estate is not one of them. The conveyance of a life estate is not an election to partition as plaintiff contends.

If the Legislature had intended that a homestead life estate would terminate upon its conveyance by the original life tenant, it would have been a simple matter to have so provided. It must be presumed that the exclusion of the conveyance of the homestead life estate as a ground of forfeiture intended that such a conveyance does not amount to a forfeiture. The plaintiff's counsel does not cite any cases, domestic or foreign, that support the contention that is here advanced. We conclude that a conveyance of a homestead life estate does not terminate or destroy the life estate. We think Naiman v. Bohlmeyer, *supra*, supports this view.

We conclude as did the trial court that there was an outstanding life estate in the land sought to be partitioned. Since the holder or holders of the life estate have objected to the action for partition, the judgment of the trial court dismissing the petition is correct. The judgment of the district court is affirmed.

AFFIRMED.